## STATE v. HELEN M. LINCOLN.

### *Autrefois Convict.*

On complaint under No. 33, Acts of 1876, for keeping a common nuisance in maintaining a place of public resort for the unlawful sale, etc., of intoxicating liquor, the respondent pleaded a former conviction under c. 94, Gen. Sts., for "owning, keeping, and possessing intoxicating liquor with intent to sell, etc., without authority," obtained on the testimony of one R. that respondent had sold a half pint of whisky to him, and alleged that the crime whereof she was convicted, and the crime wherewith she was charged, were "one and the same transaction, to wit, the sale of said half pint of whisky to said R." *Held*, on demurrer to the plea, that the conviction was not a bar.

THIS was a grand-juror's complaint under No. 33, Acts of 1876, for keeping and maintaining a place or room used as a place of

public resort where spirituous or intoxicating drink was kept for unlawful sale, etc. Plea in bar, that on January 3, 1877, respondent was prosecuted before the Municipal Court of Rutland for " owning, keeping, and possessing intoxicating liquor with intent to sell," etc., contrary to the provisions of c. 94 of the Gen. Sts. ; that she was convicted thereof on the testimony of one John Root that she had sold a half pint of whisky to him ; and that the crime whereof she was convicted and the crime wherewith she was charged, were " one and the same transaction, to wit, the sale of said half pint of whisky to said John Root." Demurrer to the plea. The court, at the March Term, 1877, DUNTON, J., presiding, sustained the demurrer, *pro forma*, and adjudged the plea insufficient; to which the respondent excepted.

*P. R. Kendall*, for the respondent.

The respondent has already been convicted of the same offence. *State* v. *Smith*, 43 Vt. 324 ; 1 Whart. Crim. Law, s. 565, and cases cited ; *State* v. *Nutt*, 28 Vt. 598 ; *State* v. *Brown*, 49 Vt. 437.

*L. W. Redington*, for the State.

The question is whether maintaining a nuisance is the same offence as keeping liquor with intent to sell, when proved by the same testimony.

The control of the liquor traffic is strictly a police regulation, and subject to the enactments of the Legislature in every particular except as regards imports. As to the latter, the legislative power is subject to the laws of the United States. *State* v. *Allmond*, 2 Houst. (Del.) 612 ; *Schwachow* v. *Chicago*, 68 Ill. 444.

The Legislature has power to declare a place a nuisance where liquor is sold or kept for sale. 3 Bl. Com. 216 ; 1 Rus. Cr. Law, 298 ; *Fisher* v. *McGirr*, 1 Gray, 1 ; *Commonwealth* v. *Howe*, 13 Gray, 26 ; *Commonwealth* v. *Lannan*, 13 Allen, 563. Illegal traffic in liquor constitutes a place a nuisance. The gist of the offense is keeping the premises to the *common nuisance*, etc. *Commonwealth* v. *Kimball*, 7 Gray, 328 ; *Commonwealth* v. *Keefe*, 7 Gray, 332 ; *Commonwealth* v. *Lannan*, 13 Gray, 26 ; *State*

v. ————, 63 Me. 215. On trial of an indictment for keeping a nuisance, it is sufficient to prove the keeping or maintaining of a building used for the illegal sale or keeping of intoxicating liquors, without showing facts constituting a nuisance at common law. *Commonwealth* v. *Buxton*, 10 Gray, 9 ; *Commonwealth* v. *Farrand*, 12 Gray, 177.

Though no one can be twice lawfully punished for the same offense, yet he may be twice lawfully punished for the same act, when it is of such a character as to constitute two distinct offenses. *State* v. *Inness*, 53 Me. 536 ; *Commonwealth* v. *Roby*, 12 Pick. 502. The keeping of a tenement for the illegal keeping and sale of intoxicating liquors, and the being a common seller of such liquors, are distinct offenses ; and a conviction or an acquittal of one, is no bar to an indictment for the other, although the same acts are relied on in proof. *Commonwealth* v. *Bubser*, 14 Gray, 83 ; *Commonwealth* v. *Hudson*, 14 Gray, 11 ; *Commonwealth* v. *O'Donnell,* 8 Allen, 548 ; *Commonwealth* v. *Cutler*, 9 Allen, 486 ; *Commonwealth* v. *Hogan*, 97 Mass. 122 ; *Commonwealth* v. *Carpenter*, 100 Mass. 204. Acquittal or conviction of the charge of being a common seller of intoxicating liquors, is no bar to indictments for single sales at that time. *State* v. *Coombs*, 32 Me. 529 ; *State* v. *Maher*, 35 Me. 225 ; *Commonwealth* v. *Hudson*, 14 Gray, 11. A conviction of keeping a shop open on the Lord's day, is no bar to an indictment for a nuisance in keeping the same shop at the same time for the illegal sale and keeping of intoxicating liquors, supported by the same evidence. *Commonwealth* v. *Shea*, 14 Gray, 386 ; *Commonwealth* v. *Harrison*, 11 Gray, 308. But if upon any state of the evidence he could have been convicted of the second offense under the first indictment, the second indictment cannot be maintained. *Rosco* v. *State*, 37 Miss. 357 ; *State* v. *Small*, 31 Mo. 197 ; *State* v. *Hodgkiss*, 42 N. H. 474 ; *State* v. *Ainsworth*, 11 Vt. 91.

The opinion of the court was delivered by

ROYCE, J. The complaint in this case is made under the statute, passed in 1876, entitled, An act to abate and suppress nuisances, and is according to the form prescribed by said statute.

A nuisance is defined by that statute to be, " every saloon, restaurant, grocery, cellar, shop, billiard-room, drinking-place, or room used as a place of public resort, where spirituous or malt liquors, or any kind of intoxicating drink, is unlawfully sold, furnished, or given away, or kept for selling, furnishing, or giving away unlawfully." The respondent has pleaded in bar to the prosecution of this complaint, that on the 3d day of January, 1877, she was prosecuted under c. 94, Gen. Sts., for the crime of owning, keeping, and possessing intoxicating liquors with intent to sell, furnish, and give away, and that she was convicted of the crime of having sold one half pint of whiskey to John Root, and avers that the crime that she is now complained of and the sale of the whiskey to Root, are one and the same transaction. The crime with which the respondent is charged in this complaint is different in kind and degree from the crime with which she was charged in the former prosecution. Evidence that would have justified a conviction under that complaint, might not justify a conviction under this. But such evidence might be admissible under this complaint as tending to show the guilt of the respondent. A plea of a former conviction or acquittal, must be for the same act and crime ; and it must appear that the offense charged in both cas\ was the same in law and fact. The reason given for allowing such a plea is, that no one shall be twice put in jeopardy for the same offense. It was held in *State* v. *Smith*, 43 Vt. 324, that where one offense is a *necessary* element in, and constitutes an essential part of, another offense, and both are in fact but one transaction, an acquittal or a conviction of one is a bar to the prosecution of the other. But the facts alleged in the plea do not bring this case within that rule.

The crime of selling intoxicating liquor, for which the previous conviction was had, was not a necessary element in the crime with which she is now charged, and was not an essential part of it. The two crimes were created by distinct and independent statutes ; and the proof necessary to justify a conviction for either, depends upon the definition given of the crime. By resorting to the definition given of the crime with which the respondent is charged, it will be seen that it would not be necessary to a conviction that

the act of selling alleged in the plea should be shown. Hence, we hold that the former conviction of the respondent, as pleaded, is not a bar to the further prosecution of this complaint ; and the judgment of the County Court sutsaining the demurrer and adjudging the plea insufficient, is affirmed.

The respondent takes nothing by her exceptions, and is sentenced to pay a fine of $20 into the State treasury, and the costs of prosecution, and stand committed until the sentence is complied with ; and the place described in the complaint is adjudged to be a common nuisance, and is ordered to be shut up and abated.