RAND LUMBER Co. v. MARTIN ET AL.

1. **Practice in Supreme Court**: PRESUMPTION IN FAVOR OF TRIAL COURT. The evidence in this case (an action by ordinary proceedings) considered, and, though there is doubt as to whether the judgment is supported by the evidence, yet the doubt is not so great as to overcome the presumption which is entertained in favor of the trial court, where issues of fact are tried to the court without a jury.

*Appeal from Adair Circuit Court.*

WEDNESDAY, OCTOBER 22.

ACTION on two promissory notes. The defendants answered the petition separately, but both pleaded substantially the following defenses: *First*, That the consideration for the notes was certain lumber purchased by the defendants, as partners, of the plaintiff, and that a mortgage was

given thereon, and on other property, to secure the payment of the notes; *Second*, That the partnership was dissolved in September, 1880, and that the defendant, Paisley, took all the partnership property, and agreed to pay the notes sued on, and that the plaintiff had knowledge of the facts just stated; and, *Third*, That Paisley realized from the mortgaged property more than sufficient to pay the notes, and paid the same to the plaintiff. Judgment was rendered in favor of the defendant, Martin, and against Paisley, for the amount due on the notes. The plaintiff appeals.

*Gow & Hager*, for appellant.

*Church & Don Carlos* and *J. E. Andrews*, for Martin.

*J. G. Culver*, for Paisley.

SEEVERS, J.—The contest on this appeal is between the plaintiff and the defendant, Martin. The errors assigned, in substance, are that the court. erred in finding the facts on which the judgment in favor of Martin is based. No special findings were made, but, in order to sustain the judgment, it is assumed by counsel for plaintiff, and conceded by counsel for Martin, that the court must have found: *First*, That the partnership existing between the defendants was dissolved in September, 1880, and that the plaintiff had knowledge of such fact; or, *Second*, That after the execution of the mortgage a sufficient amount was realized from the mortgaged property to pay the notes, and the same was paid to the plaintiff to satisfy and discharge the notes, and that the money was directed or intended to be so applied, or, that, under the circumstances, the law will compel such application.

Conceding the partnership was dissolved in September, 1880, the business was continued by Paisley, and he became indebted on his own account to the plaintiff, and the money he paid it was applied in discharge of such indebtedness, as it claims it had the right to do.

I. As to the dissolution of the partnership between the defendants the court was fully warranted, under the evidence, in finding that it occurred in September, 1880. Whether plaintiff had notice of such fact is not so clear. Some of us are in doubt whether there was legitimate evidence sufficient to warrant the circuit court in so finding.

II. By the execution of the mortgage, the partnership, as we understand, set aside the partnership property to secure and ultimately pay the notes sued on. The plaintiff had notice, of course, of such pledge. Either party had the right to insist that the proceeds of the property should be so applied, and so had each of the partners, because it had been pledged for that purpose. The defendant, Paisley, testified that sufficient of the proceeds of such property had been paid to the plaintiff to pay the notes. There is no evidence contradictory to this. But counsel for the plaintiff insist that Paisley is not worthy of belief, mainly because he gave other evidence which shows that, in the respect above indicated, his evidence cannot be believed. But the court saw and heard the witness, and we cannot say it was not justified in believing him. Conceding that the plaintiff must have had knowledge that the money paid was in whole or in part the proceeds of the mortgaged property, we think there was evidence so tending. Indeed, under all the circumstances, we think the plaintiff must have known that at least a part of the money was derived from that source, and the court could have well found that sufficient money was obtained by a sale, or other disposal made of the mortgaged property, to pay the notes. It may properly be said that this matter is not free from doubt, but the doubt is not so great as to justify us in saying that the finding is not without support, and that the court did not rightly exercise the discretion with which it is vested.

AFFIRMED.