COMMONWEALTH *vs.* ANDREW F. HANLEY.

Norfolk.   Nov. 23, 1885. — Jan. 7, 1886.   DEVENS & GARDNER, JJ.,
                                                    absent.

At the trial of a complaint for keeping intoxicating liquors with intent unlawfully
  to sell the same, there was evidence that the defendant had been acquitted on a
  charge of keeping and maintaining a tenement used for the illegal sale and ille-
  gal keeping of intoxicating liquors, upon the same evidence as that produced at
  the present trial.  The judge ruled that such judgment of acquittal was evi-
  dence competent to be considered by the jury in the defendant's favor, but was
  not conclusive.  *Held,* that the defendant had no ground of exception.
No inference either for or against the defendant in a criminal case can be drawn
  from his omission to testify as a witness.

COMPLAINT to the District Court of East Norfolk, alleging
the keeping, at Weymouth, on January 10, 1885, of certain in-
toxicating liquors, with intent unlawfully to sell the same in this
Commonwealth.   Trial in the Superior Court, before *Knowlton,*
J., who allowed a bill of exceptions, in substance as follows :

The government offered evidence tending to show that the
defendant, on and before January 13, 1885, kept a certain saloon
in Weymouth ; that, on said January 13, three officers, who were
witnesses, visited the saloon, which then contained a bar, bottles,
jugs, glasses, and a barrel of cider on tap, and, under a search-
warrant, seized the cider.   These officers also testified that, at
the time, there were four glasses and a number of bottles and
jugs, all of which smelt of whiskey, in the saloon.   The defend-
ant then stated that he had the cider there for sale.

There was also evidence that, on two prior occasions, certain
intoxicated persons were seen upon the premises.

The defendant put in evidence the record of said District
Court, of a complaint made therein against the defendant, char-
ging him with keeping and maintaining a certain tenement at
said Weymouth on October 1, 1884, and on divers days between
that day and April 1, 1885, for the illegal sale and illegal keep-
ing of intoxicating liquors ; also the record of the trial of the
defendant on said complaint, and of his acquittal upon the merits
thereon.

The defendant also introduced evidence tending to show that
the same witnesses testified at the trial of that complaint, with

reference to the same saloon, the same visit and seizure of said January 13, the finding and seizure of the cider, and the presence of the glasses, bottles, and jugs smelling of whiskey, in said saloon, and the proprietorship of the defendant; also to the same statements of the defendant.

The defendant did not testify as a witness at the present trial.

The defendant asked the judge to instruct the jury, that the judgment of not guilty was a conclusive adjudication that the cider and the whiskey, on said January 13, were not kept for illegal sale by the defendant; and that they should not consider the evidence as to said day, place, and contents. But the judge refused to give this instruction, and instructed the jury that said judgment was evidence competent for their consideration in favor of the defendant upon that question, but was not conclusive.

The defendant's counsel argued to the jury, that the defendant might be able to explain the keeping of the cider, and the presence of the bottles, jugs, and glasses which smelt of whiskey, in some satisfactory way, and consistent with his innocence; and that the jury might draw such inferences, and might infer that the defendant could and would have, if he had become a witness in his own behalf, given some such satisfactory explanation consistent with his innocence.

But the judge instructed the jury that, under the statute, a defendant in a criminal case might testify in his own behalf if he desired; but, if he did not see fit so to do, no inference for him or against him could be drawn from that fact.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, (*E. J. Sherman*, Attorney General, with him,) for the Commonwealth.

C. ALLEN, J. The first point taken by the defendant is settled by the decision in *Commonwealth* v. *Fontain*, 127 Mass. 452, and the second by that in *Commonwealth* v. *Scott*, 123 Mass. 239.                                    *Exceptions overruled.*