THE STATE v. GRAHAM.

1. **Intoxicating Liquors**: INFORMATION FOR SELLING: PLEA OF FORMER CONVICTION FOR NUISANCE. The crime of establishing and maintaining a nuisance in the form of a building used for the unlawful sale of liquors, as defined by § 1543 of the Code, differs from that of keeping liquors for the purpose of unlawful sale, as defined by § 1542. So that a conviction under the first named section is no bar to a pros - cution under the last named. Both offenses, it would seem, may be included in one act, or course of conduct.

*Appeal from Polk District Court*—HON. JOSIAH GIVEN, Judge.

MONDAY, DECEMBER 19.

THE defendant was tried on an information before a justice of the peace for the crime of keeping intoxicating liquors, with the intent to sell the same in violation of law. He was convicted, and appealed to the district court. After the appeal, by leave of the district court, he filed a plea in which he set forth, in substance, that he had been indicted for the crime of maintaining a nuisance by keeping intoxicating liquors, with intent to sell the same, in a certain building in Polk county, and that he had been convicted on said indictment on the 16th day of November, 1886, and had paid the penalty inflicted upon him; that by the information before the justice of the peace he was charged with violating the law between the 1st day of July, 1885, and the 25th day of December, 1885, and that the time stated in said indictment was between the 1st day of July, 1885, and the 1st day of April, 1886. It is averred in the plea that the keeping charged in the information was the identical keeping charged in the indictment, and that, having been convicted on the indictment, he had been convicted of the crime charged in the information. There was a demurrer to the plea, which was sustained, and defendant appeals.

*McHenry, McHenry & McHenry*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—The information was for a violation of section 1542 of the Code, which provides that "no person shall own or keep, or be in any way concerned, engaged or employed in owning or keeping, any intoxicating liquors, with intent to sell the same, within this state, or permit the same to be sold therein, in violation of the provision hereof; and any person who shall so own or keep, or be concerned, engaged or employed in owning or keeping, such liquors with with such intent, shall be deemed, for the first offense, guilty of a misdemeanor," etc.    The statute, a conviction under which is pleaded, (section 1543 of the Code,) provides that " whoever shall erect or establish or continue to use any building, erection, or place for any of the purposes prohibited in said sections [the three preceding sections] shall be deemed guilty of a nuisance, and may be prosecuted and punished accordingly, and, upon conviction, shall pay a fine of not exceeding one thousand dollars," etc.    We think it is quite plain that the two offenses are not the same.    Section 1542 provides for the punishment of the offense of keeping or owning intoxicating liquors, with the intent to sell the same within this state, and the next section is for erecting, establishing, continuing, or using any building for the prohibited purposes.    In the first case, the offense is complete wherever the liquors may be located, or whether in the possession of the accused or another.    In the last case, the punishment is for keeping a building, and using the same for the violation of the law.    The crime consists in establishing and maintaining a nuisance.    We think the demurrer was correctly sustained.                                                    AFFIRMED.