## STATE *v.* ALEXANDER JANGRAW, APPT.

A conviction for keeping a common nuisance under sec. 3836 R. L. is not a bar to a conviction for keeping intoxicating liquor with intent to sell under sec. 3802, although the same testimony is necessary to establish the two offenses.

This was a complaint charging the respondent with keeping intoxicating liquor with intent to sell. The respondent pleaded in bar a former conviction, to which the State demurred. The Court, Washington County, March Term, 1888, Rowell, J., presiding, sustained the demurrer, and adjudged the plea insufficient; to which the respondent excepted. The nature of the plea, and the question raised by the exceptions appear in the opinion.

*Geo. W. Wing* and *W. A. Lord*, for the respondent.

The prior conviction was for the same offense, requiring the identical evidence to substantiate it, and is a bar. 1 Bish. Crim. Law, sec. 1037. *Solliday* v. *Commonwealth*, 28 Pa. St. 13; *State* v. *Mathews*, 42 Vt. 545; *State* v. *Locklin*, 59 Vt. 654; *Moore* v. *State*, 71 Ala. 307.

*E. W. Bisbee, State's Attorney*, for the State.

The two offenses must be distinct in law as well as in fact, and this must be shown by the plea or it will be vicious. *Commonwealth* v. *Roby*, 12 Pick. 496; *Barnes* v. *People*, 1 Park. Cr. Cas. 182.

The gist of the offense pleaded in bar is the keeping of a place or room, used as a place of public resort for the purpose of drinking, etc. It is a proceeding against the place, and upon conviction the place is ordered to be shut up. The offense with which the respondent stands charged is keeping intoxicating liquor with intent to sell. It has no reference to the place where it is kept or sold. It is an offense nearly as old the pro-

hibitory law, created by enactment years before, and entirely distinct from the one of which the respondent stands convicted.

It is not a necessary element of, or constituent part in the offense pleaded in bar. *State* v. *Lincoln*, 50 Vt. 644.

"It is a fundamental rule of law that a person shall not be twice punished for the same offense, yet he may be twice punished for the same act, when the act is of such a character as to constitute two crimes." *State* v. *Inness*, 53 Me. 536.

The opinion of the court was delivered by

Royce, Ch. J. The respondent was charged with the offense of keeping liquor with intent to sell, and plead in bar that he had been previously convicted of the offense of keeping and maintaining a common nuisance; and that the offense of keeping with intent to sell alleged in the complaint in this case was the same keeping of which he had been convicted. To this plea there was a general demurrer, and the question raised, therefore, is as to the sufficiency of the plea.

The offense alluded to in the plea, of which the respondent had been previously convicted, was that of keeping and maintaining a common nuisance, and what constitutes such common nuisance is defined by sec. 3836 R. L. The complaint to which the plea is made was founded on sec. 3802, which makes it criminal to keep intoxicating liquor with intent to sell; so that the two offenses are distinct in kind and based on different sections of the statutes. And while it is true that the keeping of intoxicating liquor would be admissible upon the complaint for maintaining a common nuisance, a conviction might have been had without such testimony, and evidence that would have warranted a conviction under that complaint might not have justified a conviction under this.

A plea of a former conviction or acquittal must be for the same act or crime, and it must appear that the offenses charged in both cases were the same in law and fact. The facts alleged by the plea and admitted by the demurrer do not bring the case within the rule laid down in *State* v. *Smith*, 43 Vt. 324, and in

State *v.* Jangraw.

*State* v. *Locklin*, 59 Vt. 654, where it was held that when one offense is a necessary element in, and constitutes a part of, another, and both are in fact but one transaction, an acquittal or conviction of one is a bar to the prosecution for the other.

The plea in this case is in substance and in form like the one in *State* v. *Lincoln*, 56 Vt. 644, and the two cases are precisely alike, except that the order in which the complaints were exhibited is reversed, so that the question was raised on complaint for a nuisance. The plea was held bad on demurrer, and the case was distinguished from *State* v. *Smith.* This authority seems to us directly in point.

Hence we hold that the former conviction, as plead, is not a bar to the further prosecution of this complaint, and the judgment sustaining the demurrer, and adjudging the plea insufficient is affirmed.

The respondent takes nothing by his exceptions and is sentenced to pay a fine of ten dollars and the costs of prosecution, and stand committed until the sentence is complied with, with the alternative sentence that unless paid as the law requires he shall be confined in the House of Correction as is provided by the statute.