The State v. Zimmerman.

---

THE STATE v. ZIMMERMAN.

1. **Liquor Nuisance**: EVIDENCE: PRIOR SEIZURE AND RESTORATION OF LIQUORS. On the trial of an indictment for keeping a liquor nuisance, evidence that some weeks prior to the finding of the indictment liquors were seized upon the same premises under search-warrant, and after trial restored, was not admissible, where there was no attempt to show that the violations of law charged in the indictment were the same as those charged in the proceedings under which the liquors were seized.

2. ———: SALE OF IMPORTED LIQUORS: INTER-STATE COMMERCE. Intoxicating liquors imported into this state are, after they have reached their destination, subject to the regulations, restrictions and prohibitions of the statutes of the state applicable to intoxicating liquors used as a beverage. (*Collins v. Hills,* 77 Iowa, 181, *followed.*)

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

FILED, OCTOBER 23, 1889.

DEFENDANT was indicted and convicted of keeping a nuisance, by maintaining a place for the unlawful sale of intoxicating liquors. He now appeals to this court.

*J. M. Parker,* for appellant.

*J. Y. Stone,* Attorney General, and *W. W. Miller,* County Attorney, for the State.

BECK, J.—I. The evidence shows that the sheriff or his deputy, before the indictment in the case was found, had seized, upon a search-warrant, a great number of bottles of beer, found in defendant's place of business,—a restaurant kept at State Center. The beer was taken to Marshalltown. The defendant offered to prove that the beer was released from the seizure, and restored to defendant, but the grounds of such action were not stated, nor proposed to be shown. The evidence was rightly rejected for these reasons.

*1. LIQUOR nuisance: evidence: prior seizure and restoration of liquors.*

II. It was not proposed to show that the discharge of the liquors was made on the ground that they were not kept for unlawful sale; and no presumption of law arises to that effect. It was not proposed to show that the alleged violations of law charged in the indictment were the same as those charged in the proceedings upon which the liquors were seized. It is very plain that defendant could have lawfully kept liquors which would not have been subject to seizure; and therefore, when seized, should have been discharged. Afterwards

he could have kept the same or other liquors for unlawful sale, which would have constituted the offense of maintaining a nuisance. The liquors were seized, August 24. The indictment was found afterwards, September 8. It is plain that the liquors seized may have been lawfully held, August 24, and prior to that day; and the same or other liquors may have been held for unlawful purposes subsequent to that day, and prior to the finding of the indictment. The proposed evidence in no view could have tended to establish that the liquors were held for lawful purposes, and thus contradicted the evidence in support of the indictment.

III. The order of the justice for the return of the liquors seized could not have been an adjudication that the defendant, at the time for which he was held to answer under the indictment, did not keep intoxicating liquors for sale in violation of law, and the offer to introduce it was not made with a claim to that effect. The evidence in question was rightly excluded.

IV. The defendant asked instructions to the effect that if the jury found that the beer kept by defendant was imported from Illinois or Wisconsin, and deposited in his place of business—a restaurant,—no presumption would arise that it was kept for unlawful sale. Other instructions asked by defendant presented the doctrine that if defendant imported the liquor, or purchased it in another state, or caused it to be shipped to him to State Center, it was lawfully in his possession, and he could keep it in his restaurant, with intent to sell it, without being guilty of violation of law. Counsel bases his support of these instructions upon the doctrine of *Bowman v. Railway Co.*, 125 U. S. 465, 8 Sup. Ct. Rep. 689, 1062. But that case goes no further than to hold that the states have no authority to interfere with or regulate commerce between the states by prohibiting common carriers from transporting into a state intoxicating liquors to be delivered to a consignee not authorized to sell them by the laws of such state. It does not hold that the consignee has the legal right to sell such

2. ——: sale of imported liquors : interstate commerce.

imported liquors for uses forbidden by the state. The point, it is expressly said in the opinion, is not in the case.

V. But the precise question has recently been before this court, and we held that intoxicating liquors transported from another state into this state are, after they have reached their destination, subject to the regulations, restrictions and prohibitions of our statute applicable to intoxicating liquors kept for use as a beverage. See *Collins v. Hills*, 77 Iowa, 181, and decisions of the court following it. The doctrine of that case demands no further support of arguments and authority. The judgment of the district court is

AFFIRMED.