### STATE v. GEORGE WHEELER.

*Keeping liquor with intent to sell. Common nuisance. Former acquittal.*

1. Although at common law the possession of an instrument of crime accompanied by an intent to use it is not a crime without some overt act, yet it may be made so by statute ; and R. L. s. 3802, declaring it an offense to keep intoxicating liquor with intent to sell, is valid as to that objection.

2. An acquittal upon the charge of keeping a common nuisance is not a bar to a prosecution for keeping intoxicating liquor with intent to sell, although the same evidence is relied upon to substantiate both charges.

Complaint by the State's Attorney for Washington County. Heard at the March Term, 1889, ROYCE, Ch. J., presiding, upon demurrer to the respondent's plea. The demurrer was sustained and the respondent excepted.

The complaint charged the respondent with keeping intoxicating liquor with intent to sell. The plea averred in substance that heretofore the hotel of the respondent had been searched by virtue of a search warrant and certain liquors found therein ; that thereupon the respondent had been prosecuted for maintaining a common nuisance in said hotel and acquitted ; that the evidence relied upon in that prosecution was simply the finding of these liquors upon his premises, and that the present prosecution was for the keeping of those same liquors, and no other, with intent to sell, wherefore the respondent claimed the benefit of the former acquittal.

State *v.* Wheeler.

*S. C. Shurtleff*, for the respondent.

*E. W. Bisbee*, State's Attorney, for the State.

The offense of which the respondent stands charged is not the same as that of which he was acquitted. Although the jury had found every fact alleged in this complaint to be true upon the former prosecution, still they might not have been justified in convicting. Hence that acquittal is no bar. 2 Swift Dig. 400; 4 Blacks. Com. 336; 1 Chit. Crim. Law, 453; 1 Bish. Crim. Law, s. 1051; Whart. Crim. Law, (9th Ed.) s. 579; *State* v. *Page*, 50 Vt. 446; *State* v. *Lincoln*, 50 Vt. 644; *Barnes* v. *People*, 1 Parker, (N. Y.) 182; *Com.* v. *Roby*, 12 Pick. 503; *Price* v. *State*, 19 Ohio, 423; *Wilson* v. *State*, 24 Conn. 57; *Com.* v. *O'Donnell*, 8 Allen, 548; *Com.* v. *Hogue*, 97 Mass. 122; *Com.* v. *Shea*, 14 Gray, 387; *State* v. *Inness*, 53 Me. 536; *State* v. *Sonnerkalb*, 2 Nott & McC. 280.

The opinion of the court was delivered by

ROWELL, J. It is argued for the prisoner that the statute under which this complaint is brought, which makes it an offense to own, keep, or possess, with intent to sell, furnish, or give away, intoxicating liquor in violation of law, is a nullity, for that the mere possession of the instruments of crime, with intent, but no overt act, therewith to commit it, is not an offense at common law, and cannot be made an offense by statute.

Although it was once thought otherwise— *The King* v. *Sutton*, Cases *temp.* Hardwicke, 354, and 2 Stra. [1074]—yet it is now settled that the common law will not take cognizance of an intent without an act, and that possession is no act. *Rex* v. *Heath*, Russ. & R. 184, in which *The King* v. *Sutton*, is expressly overruled; *Dougdale* v. *The Queen*, 1 El. & B. 435; 1 Bish. Crim. Law, s. 204.

But there are many ancient and modern statutes, English and American, that make bare possession, when accompanied with the intent, a sufficient act in the cases for which they provide.

State *v.* Wheeler.

It was admitted in argument for the prisoner in *The King* v. *Sutton*, as reported in Cases *temp.* Hardwicke, that bare possession with the intent could be made a crime by positive enactment. And so it has always been considered, else these statutes would not have been so long and so often enforced and no question made about it. We have no doubt about the validity of the statute in question.

The question raised by the demurrer we regard as settled against the sufficiency of the plea by *State* v. *Lincoln*, 50 Vt. 644, and *State* v. *Jangraw*, 61 Vt. 39. They hold the same in Massachusetts. *Commonwealth* v. *Cutler*, 9 Allen, 486 ; *Commonwealth* v. *Carpenter*, 100 Mass. 204.

*Judgment affirmed and cause remanded for trial.*