## STATE v. PETER G. DEWEY.

GENERAL TERM, 1892.

*Common nuisance.   Former acquittal of keeping the same liquor.*

Upon trial for maintaining a common nuisance by keeping intoxi-
cating liquor for sale in a place of public resort, evidence
that the respondent has been previously acquitted of keep-
ing the same liquor for sale at the same time is admissible.

Information for maintaining a common nuisance under R.
L. § 3,836.   Plea, not guilty.   Trial by jury at the March
term, 1892, Washington county, THOMPSON, J., presiding.
Verdict guilty and sentence imposed.   The respondent ex-
cepts.   The facts appear in the opinion.

*John H. Senter* for the respondent.

A judgment of a court of competent jurisdiction is con-
clusive between the parties upon the point decided.   *Clark
& Jackson* v. *Bryam & Lent*, 16 Md. 176; *Ranoule* v.
*Griffe*, 3 Md. 54; *Bowie* v. *Jones*, 1 Gill 208; *Groshon* v.
*Thomas*, 20 Md. 234; *United States* v. *Lee*, 4 Cranch Cir.
Ct. 446; *State* v. *Mikesell*, 70 Iowa 178; *Regina* v. *Erling-
ton*, 9 Cox C. Ca. 86.

In this case the former acquittal of the respondent estab-
lishes the fact that he did not keep this liquor for sale, and
was admissible on that point, although not a technical bar.
Herman Est. and Res Jud., §§ 106, 107; *Spencer et al.* v.
*Dearth*, 43 Vt. 105; *Betts* v. *Starr*, 5 Conn. 553; *Sterks*

v. *Woodward*, 1 Nott & McCord, 330; *Gardner* v. *Buck-bee*, 3 Cow. 126; *Lentz* v. *Wallace*, 17 Pa. 415; *Hopkins* v. *Lee*, 6 Wheat. 113; *Railroad Co.* v. *Griffith*, 76 Va. 925; *Demorest* v. *Dary*, 32 N. Y. 290; *White* v. *Coatsworth*, 6 N. Y. 143; 6 Wait's Act. & Def., p. 784, § 26.

The doctrine of *res judicata* is the same in criminal as in civil matters, and the State is concluded by the judgment of its own court. Herman Est. and Res Jud., §§ 414, 415, 416; 7 Crim. L. Mag. 713 and cases cited; *Fox* v. *State*, 50 Ark. 528; *Triplett* v. *Com.*, 1 S. W. 84; *Coffey* v. *United States*, 116 U. S. 436; *United States* v. *Butler*, 38 Fed. Rep. 498; Wharton's Ev., § 783; *State* v. *Long*, 63 Me. 290; *Com.* v. *M'Pike*, 3 Cush. 181; *Com.* v. *Austin*, 97 Mass. 595; *Com.* v. *Evans*, 101 Mass. 25; *Com.* v. *Felham*, 131 Mass. 588; *Brunnot* v. *State*, 12 Tex. App. 532.

The former judgment need not be pleaded by way of estoppel. Wharton's Ev., § 765; *Clink* v. *Thurston*, 47 Cal. 28; *Whittaker* v. *Jackson*, 2 Ex. 925; *Embruy* v. *Conner*, 3 Comst. 523; *Lawrence* v. *Hunt*, 10 Wend. 85; *Wright* v. *Butler*, 6 Wend. 284; Greenl. Ev., § 533 and note; Whart. Cr. Ev., § 602a; *Kreeler* v. *Ritter*, 62 N. Y. 374; *Adams* v. *Burns*, 17 Mass. 367; *Miller* v. *White*, 50 N. Y. 144.

*Zed S. Stanton*, State's Attorney, for the State.

·An acquittal of keeping intoxicating liquor for sale does not bar a prosecution for maintaining a common nuisance by keeping the same liquor. *State* v. *Wheeler*, 62 Vt. 439; *State* v. *Jangraw*, 61 Vt. 39; *Com.* v. *McCauley*, 105 Mass. 69; *State* v. *Lincoln*, 50 Vt. 644; *Com.* v. *Carpenter*, 100 Mass. 204; *State* v. *Innero*, 53 Me. 536; *Bell* v. *State*, 2 Cr. L. Mag. 664 and note to same; *State* v. *Jesse*, 3 Dev. and Bat. 103.

TYLER, J. This was an information for keeping and

maintaining a common nuisance under Section 3,836, R. L., which is as follows: "Every saloon, restaurant, grocery, cellar, shop, billiard room, bar room, and every drinking place or room used as a place of resort, where intoxicating liquor is unlawfully sold, furnished or given away, or kept for selling, furnishing, or giving away unlawfully, and every place or room used or resorted to for gambling, shall be held to be a common nuisance, kept in violation of law."

It was conceded at the trial that the place mentioned in the information was a place of public resort of which the respondent was the proprietor and keeper, and the State's evidence tended to show that intoxicating liquor was kept by the respondent at the time and place charged, with the intent to sell, furnish, or give away the same in violation of law, so as to render the place a common nuisance under the section mentioned.

The respondent's counsel offered to prove that the respondent had been tried and acquitted on the charge of keeping the identical liquor with intent to sell, etc., and claimed that the fact of keeping was *res judicata*.

The State conceded the facts to be as stated in the offer, but claimed that the offences were not the same in law, but separate and distinct, and that an acquittal or conviction of one was not a bar to a prosecution for the other.

The respondent's counsel does not claim that a conviction or acquittal upon an information for keeping or selling intoxicating liquor is a bar to a prosecution for keeping or maintaining a nuisance, but that a judgment of another court upon the question whether this identical liquor upon this identical occasion was kept for sale was competent evidence, and was either conclusive or tended to show that it was not so kept as alleged in this information.

The State's attorney relies upon *State* v. *Lincoln*, 50 Vt. 644, *State* v. *Jangraw*, 61 Vt. 39, and *State* v. *Wheeler*,

62 Vt. 439. In the first of these cases the complaint was for keeping a room used as a place of public resort where intoxicating liquor was unlawfully kept. The respondent pleaded in bar that she had been prosecuted in the same court for owning, keeping, and possessing intoxicating liquor with intent to sell, etc., and had been convicted thereof for selling a half pint of whiskey to one John Root, and that the crime charged in the complaint and. the crime of which he had been convicted were one and the same act, namely, the sale of the half pint of whiskey to Root. It was held that the two crimes were different in kind and degree, and created by distinct and independent statutes; that evidence that would have justified a conviction under one complaint might not justify a conviction under the other; that a plea of a former conviction or acquittal must be for the same act and crime, and that the offence charged in both cases must be the same in fact and in law. The demurrer to the plea was sustained.

The other cases were decided upon the same ground. In each of them a plea of a former acquittal or a former conviction of a different statutory offence was interposed, and was held insufficient.

In this case the record of a former acquittal of the charge of the same keeping as alleged in the information was offered in evidence as bearing upon one material fact that must be established in each case to obtain a conviction. The evidence was admissible upon the principle that will be found to run through nearly all the American cases, that the judgment of a court of competent jurisdiction directly upon a particular point is, as between the parties, conclusive in relation to such point, though the purpose and subject matter of the two suits be different; hence a judgment may not only be evidence, but conclusive evidence in relation to such point, and still be no bar, strictly and technically speaking, to a second action. See cases cited in respondent's brief;

2 Stark. Ev., 183-4 ; _Spencer_ v. _Dearth_, 43 Vt. 102 ; _Lindsey_ v. _Danville_, 46 Vt. 144 ; _Gayer_ v. _Parker_, 8 Am. St. R. 227.

_Exceptions sustained, sentence vacated, judgment reversed and cause remanded._