## W. R. ROBINSON v. THE STATE.

### No. 1882.   Decided May 8, 1912.

**1.—Occupation—Selling Intoxicating Liquors—Indictment.**

Where the indictment charging the occupation of selling intoxicating liquors in local option territory was in conformity with approved precedent, the same was sufficient.  Following Slack v. State, 61 Texas Crim. Rep., 372, and other cases.

**2.—Same—Former Conviction—Separate Offenses.**

Where defendant filed a plea of former conviction, alleging that he had been convicted of violating the local option law in making sales to two of the parties named in the indictment upon which defendant was being tried for pursuing the occupation of selling intoxcating liquors in local option territory, the same was correctly stricken out on motion of the State, as the two offenses are entirely distinct.

**3.—Same—Carving—Different Offenses.**

While the State can carve but once and convict a person of a given transaction, yet, where the transaction for which he had been convicted would not in and of itself constitute a different offense also, the doctrine of carving does not apply.

**4.—Same—Evidence—Other Sales.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in admitting evidence of other sales to show the business that defendant was engaged in.

Appeal from the District Court of Nacogdoches.   Tried below before the Hon. Jas. I. Perkins.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*B. F. Amonette,* for appellant.—There is· no difference whatever between the former prosecution and the one at bar, than in the name of the offense and degrees of punishment.   In every respect the transaction is identically the same in both cases.   Appellant contends that the act, and not the name that makes the offense, a conviction or acquittal on a valid indictment or information will bar a second. Whenever the proof shows the second case to be the same transaction as the first.   Roberts v. State, 14. Ga., 8; Copenhagen v. State, 15 Ga., 264; Vestal v. State, 3 Texas Crim. App., 648.

When the evidence . necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first the plea is always good (only upon limited exception).   It is true, although the first conviction was for a misdemeanor and the second for a felony.   The rule is to restrain the State from multiplying prosecutions for the same act, based upon the doctrine of carying and former jeopardy, although the first a minor degree it will bar a second prosecution for a greater offense.   Wharton's Crim. Law, secs,

565, 566; Parchman v. State, 2 Texas Crim. App., 228; Grisham v. State, 19 Texas Crim. App., 504; White's Code Crim. Proc., art. 590.

It is a right secured to the citizen by all of our American Constitutions, which declare that: "No person shall be twice put in jeopardy of life or liberty," etc. Constitution Bill of Rights, art. 1, sec. 14.

This right had been established as a principle of the common law, and was inherited by our ancestors before its incorporation in any American Constitution, and a settled principle of law both in England and America, before Texas had existed as a State. The general rule is that the crime charged should be the same, that is, that they be in truth the same, though the indictment may differ in immaterial circumstances. It is not the law that the two charges should be precisely the same, in point of degrees, as contended by the district attorney in his exception to defendant's special plea of former jeopardy and former carving. It is not a question of names, degree of punishment or jurisdiction of courts. 1 Chitty, C. L., secs. 452-455.

In former convictions it is not required that the proof in the two prosecutions should be identically the same, as required in former acquittals. It is only required that the offenses or the transaction out of which they grew was the same, and if the offense grew out of the same transaction, and there has been a conviction, as in the case at bar, the first case is a bar to any subsequent prosecution, though the proof was not essentially the same in both cases. This case, the proof is the same, as would be required in former acquittals when the plea shows the same transaction the truth of the "special plea" is a question for the jury and not for the court. Appellant's plea should have been submitted to the jury. Simco v. State, 9 Texas Crim. App., 338; Wright v. State, 17 Texas Crim. App., 152; Robinson v. State, 21 Texas Crim. App., 160; Shubert v. State, 21 Texas Crim. Rep., 551; Wright v. State, 37 Texas Crim. Rep., 627; Herera v. State, 35 Texas Crim. Rep., 607; Landrum v. State, 37 Texas Crim. Rep., 666.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, prosecuted and convicted of the offense of pursuing the business or occupation of selling intoxicating liquors in a county where prohibition had been adopted.

1. Appellant moved to quash the indictment on the grounds that the Act making it an offense to pursue the business or occupation of selling intoxicating liquors in local option territory is unconstitutional, and it does not negative the exceptions. The indictment in this case is in conformity with the indictment approved by this court in Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125, and approved in a number of cases since. (Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1040; Slack v. State, 61 Texas

Crim. Rep., 372, 136 S. W. Rep., 1073.) We do not, therefore, deem it necessary to again discuss the question, and the court did not err in overruling the motion to quash.

2. The only other question raised in the motion for a new trial is that appellant having been convicted of making a sale of intoxicating liquors to Hollis Hawkins and to Ben Collins in the County Court of Nacogdoches County, and punishment assessed against appellant for making sales to those two persons, that evidence of having made sales to these two men could not be adduced on the trial of this case in support of the allegation that he was pursuing the business and occupation of selling intoxicating liquors. The indictment in this case alleged that appellant "engaged in and pursued the occupation and business of selling intoxicating liquors in a manner not permitted by law, and in violation of said law," and alleges that sales were made by appellant to Tom Lorance, Ben Collins, Hollis Hawkins and J. T. Kane, and to each of them, and to other persons to the grand jurors unknown. Appellant filed a plea of former conviction, alleging that he had been convicted of violating the local option law in making sales to Hollis Hawkins and Ben Collins, and that said transactions were one and the same offense for which he was being prosecuted in this case.

On motion of the district attorney this plea was stricken out, he alleging that the plea on its face shows that the offense for which he is being prosecuted is another and different offense, showing that the offense of which he had been convicted was for making a single sale of intoxicating liquor, while in this case he was being prosecuted for pursuing the occupation and business of selling.

If appellant's contention, that two sales constituted a violation of the law, and on proof of two isolated sales one could be convicted of pursuing the occupation, was the law, there would be strength in his position. But as a general proposition, one can be guilty of pursuing an occupation without ever having made a sale. (Williams v. State, 23 Texas Crim. App., 499; Stanford v. State, 16 Texas Crim. App., 331.) However, in prosecutions under this statute, the Legislature has not only placed the burden on the State of proving that one engaged in the business or occupation, but has also provided that in addition to making that proof the State must prove that at least two sales were made. Evidence that a person had made two sales, with no other facts or circumstances in evidence, would not make one guilty of pursuing the business or occupation. It is an entirely different and distinct offense from making an isolated sale of intoxicating liquor, and while evidence that sales had been made would be admissible as tending to prove that one was engaged in the occupation or business, yet the elements of the two offenses are not the same, and the facts that would prove that one had made a sale to a named individual, would not establish that he was engaged in the occupation or business. They are two separate and distinct of-

fenses, and while it is true that the State can carve but once and *convict a person* of a given transaction, yet where the transaction for which he has been convicted would not in and of itself constitute a different offense also, the doctrine of carving does not apply.   In this case, if the State had only proven a sale to Hollis Hawkins and Ben Collins and nothing more, the evidence would not support the verdict.   But the State went further and proved sales to other and different people, and proved that about this time appellant received by express eighty-four quarts of whisky, and this evidence taken as a whole sustains the finding that appellant was engaged in the occupation or business.

There was no error in admitting evidence that sales to Hawkins and Collins tended to show that he was engaged in the business and occupation.   In 12 Cyc., vol. —, page 286, the rule is thus laid down: "Many transactions have by statutes regulating the sale of intoxicants been divided into two or more crimes so distinct in their characters that jeopardy for one is not a bar to a prosecution for the other. A conviction of violating the Sunday law is no bar to a subsequent indictment for maintaining a disorderly house, for the sale of liquors without a license, or for the illegal sale and keeping of liquors, as the evidence differs in each case, and the latter offenses are distinct crimes on whatever day they may be committed," citing many authorities.

In the case of Smith v. State, 105 Ga., 724, it was held:   "One of the assignments of error in the motion for a new trial was that the court erred in failing to charge the jury upon the plea of former acquittal.   We do not think there is any merit in this exception.   The offenses of retailing liquor without license and keeping open a tippling-house on the Sabbath day are separate and distinct.   Neither of them is a necessary element in and an essential part of the other. Neither of them may be committed without perpetrating the other. A person prosecuted for either is in no jeopardy of being convicted of the other, or of any offense which is an essential part of the other. The case of Blair v. State, 81 Ga., 629, is exactly in point.   It was there held that 'A former conviction of selling liquor to a minor without the written consent of his parent or guardian, even if properly pleaded, would not be good in bar of a prosecution for selling liquor without license, though the act of selling were the same in both cases.'   See Bell v. State, 103 Ga., 397.   It may be noted that in Minor v. State, 63 Ga., 318, it appears that Minor was tried for keeping open a tippling-house on the Sabbath day, and also for retailing liquor without license, and was convicted in both cases."   The following notations and citations are cited:   "A conviction of maintaining a common nuisance is no bar to an indictment for illegally keeping liquors for sale (State v. Zimmerman, 78 Iowa, 614, 43 N. W., 458; State v. Wold, 96 Me., 401, 52 Atl., 909; Com. v. McCabe, 163 Mass., 400, 40 N. E., 182; Com. v. McCabe, 163 Mass., 98, 39

N. E., 777; State v. Wheeler, 62 Vt., 439, 20 Atl., 601; State v. Lincoln, 50 Vt., 644), or for being a common seller of intoxicating liquors (State v. Inness, 53 Me., 536; Com. v. Cutler, 9 Allen (Mass.), 486; Com. v. O'Donnell, 8 Allen (Mass.), 548; Com. v. Bubser, 14 Gray (Mass.), 459), and a conviction of the latter offense is no bar to a conviction for a single sale (State v. Maher, 35 Me., 225; State v. Coombs, 32 Me., 529). Keeping liquors for sale and keeping a place in which they may be sold (State v. Moriarty, 50 Conn., 415; State v. Brown, 75 Iowa, 768, 39 N. W., 829; State v. Graham, 73 Iowa, 553, 35 N. W., 628; State v. Harris, 64 Iowa, 553, 35 N. W., 628; Com. v. Breesford, 161 Mass., 61, 36 N. E., 677; Com. v. Sullivan, 150 Mass., 315, 23 N. E., 47; Com. v. Hanley, 140 Mass., 457, 5 N. E., 468; Com. v. Sheehan, 105 Mass., 192; Com. v. McCauley, 105 Mass., 69; Com. v. Hogan, 97 Mass., 122), selling to a minor and selling otherwise illegally (Ruble v. State, 51 Ark., 170, 10 S. W., 262; State v. Gapen, 17 Ind. App., 524, 45 N. E., 678, 47 N. E., 25; Com. v. Vaughn, 101 Ky., 603, 42 S. W., 117, 19 Ky. L. Rep., 777, 45 L. R. A., 858; Mitchell v. State, 12 Neb., 538, 11 N. W., 848; Miller v. State, 3 Ohio St., 475); selling on Sunday and selling without a license (Com. v. Montross, 8 Pa. Sup. Ct., 237), are different offenses. Section 14, Cent. Dig., tit. 'Criminal Law,' sec. 397."

In the case of Nichols v. State, 37 Texas Crim. Rep., 616, it was held that a former conviction for rudely displaying a pistol is no bar to prosecution for unlawfully carrying the same pistol. Numerous other cases might be cited, but we do not deem it necessary.

The judgment is affirmed.

*Affirmed.*