Annie Crockett v. The State.

No. 5168.    Decided February 19, 1919.

Local Option—Sufficiency of the Evidence.

Where, upon trial of a violation of pursuing the occupation of selling intoxicating liquor in local option territory, the evidence together with defendant's admissions, was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of a violation of the local option law; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for pursuing the business of selling intoxicating liquors in a locality in which the sale of such liquors was prohibited under the local option prohibition law.

The State introduced a witness who testified that he purchased whisky from appellant on three separate occasions during February, 1918; that at the time of each purchase he saw other intoxicating liquors there; that there was a lot, five or six-quart bottles in a trunk; that the appellant said she was selling whisky there, and requested appellant to lend her money, saying, "she could make good money selling whisky." He identified the whisky produced on the trial which he said was the

same bought from appellant. An officer testified that on two occasions in February or March, 1918, he had raided the house in which appellant and some other negroes lived, and found a trunk of beer there, on one occasion and a half trunk full at another time. The sheriff testified that the prosecuting witness, Hays, delivered to him the whisky gotten on each of three occasions. The sales were denied by appellant. She also claimed the beer found on the premises belonged to another person residing in the same house, and that she had received no whisky by express except one gallon, which she used herself.

This is not a case in which the evidence consisted alone of isolated sales. The admission of appellant that she was selling whisky, and that she could make good money out of it, together with the evidence showing intoxicating liquor in her possession, or on her premises on several occasions, were circumstances supplementing the direct evidence of three sales, presenting a record on which we would not be authorized to reverse for the insufficiency of the evidence. Robinson v. State, 66 Texas Crim. Rep., 392.

There are no other questions raised. The judgment is affirmed.

*Affirmed.*