FRANKENSTEIN v. THE CITY OF CINCINNATI ET AL.

*Res adjudicata—Judgment by United States court conclusive—*
*Injunction—Gas rate ordinance—Referendum.*

A judgment of a United States court upon a question directly
in issue, in an action in which it has jurisdiction, is con-
clusive and binding upon this court in a subsequent action
between the same parties and upon the same question.

(Decided April 24, 1922.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. A. I. Murdock* and *Mr. Eli G. Frankenstein,*
for plaintiff.
*Mr. Saul Zielonka,* city solicitor, for city of Cin-
cinnati.
*Mr. Lawrence Maxwell* and *Mr. Lawrence K.
Langdon,* for Union Gas & Electric Co.

BY THE COURT. This cause comes into this court
on appeal from the court of common pleas of Ham-
ilton county, seeking an injunction against The
Union Gas & Electric Company, wherein a taxpayer
brought his action to enjoin the collection of gas
rates fixed by an ordinance passed on the 29th day
of November, 1921. The claim for the injunction
was based on the fact that a petition for a refer-
endum had been duly filed on such ordinance, which
referendum election would be held on August 8,
1922, and plaintiff prayed that the company, pen-
ding the referendum, be enjoined from collecting
the rate fixed by the ordinance.

The defense to the action is that this same ques-
tion arose five years previous in an action in the

United States court between the same parties, wherein the United States court held that such referendum was without effect; that the rights of the parties were fixed under a franchise ordinance passed in 1906. And the judgment of the United States court and the record of that case are pleaded in full. It is further urged that the judgment in the United States court is *res adjudicata* of the case in question; and dismissal of the petition is asked.

It appears from this record that in 1906 a franchise was granted to the defendant company and its assigns, empowering it to construct conduits, pipe lines and equipment in the streets of Cincinnati, and to furnish gas to the citizens thereof for a period of twenty-five years, and that at the same time a rate-ordinance was passed, for a period of ten years, as authorized by statute. All of which were accepted by the company.

Upon the expiration of the ten-year period, in 1916, a new rate-ordinance was passed, fixing the rate at 35 cents per thousand cubic feet. On the passage of this ordinance, a referendum petition was duly filed, and an election thereunder had, resulting, by a vote of the people, adversely to the ordinance. A new ordinance, calling for a 30-cent rate was passed, following which the gas company brought an action in the United States court, seeking an injunction against the city from enforcing the 30-cent rate-ordinance, and to enjoin the city from interfering with the charge of 35 cents, as provided in the 35-cent rate-ordinance, which the company had accepted, notwithstanding the defeat of the ordinance by the referendum vote.

Upon consideration, the United States court rendered a judgment holding that the rights of the com-

pany were fixed by the franchise-ordinance granted
in 1906, prior to the passage of the law authorizing
a referendum, and that, therefore, the referendum
had on the 35-cent gas rate passed in 1916 was with-
out effect, and the city was enjoined from interfer-
ing with the company operating under that ordi-
nance.  The company thereupon operated under the
35-cent rate-ordinance, passed in 1916, until the ex-
piration thereof, whereupon the ordinance here in
question was passed and a like petition for a ref-
erendum was filed as in the case of the 1916 35-cent
rate-ordinance.  That action was brought against
the city of Cincinnati, and defended by the city and
stands unreversed.

Is the judgment and proceeding of the United
States court in that case, herein pleaded, binding
upon this court?

The rule is, as laid down in the case of *Rex* v.
*Duchess of Kingston,* 20 Howell's State Trials, 355,
538, that a judgment of a court of concurrent juris-
diction, directly upon the point, is, as a plea, a bar,
or, as evidence, conclusive, in an action between
the same parties, upon the same matter, directly in
question in another court; and the judgment of a
court of exclusive jurisdiction, directly upon the
point, is, in like manner, conclusive upon the same
matter, between the same parties, coming incident-
ally in question in another court for a different pur-
pose.  This rule has been followed by all of the
courts, both of England and the United States.

In the case of *Babcock & Co.* v. *Camp et al.,* 12
Ohio St., 11, the first paragraph of the syllabus is:

"A judgment of a court of competent jurisdic-
tion, upon a question necessarily involved in the

suit, is conclusive in a subsequent suit between the same parties depending on the same question.''

And in the case of *Grant* v. *Ramsey,* 7 Ohio St., 158, the court says, at page 162:

''The principle is thus stated in Broom's Legal Maxims, *243: 'We may remark, in the words of Lord Kenyon, that if an action be brought, and the merits of the question be discussed between the parties, and a final judgment obtained by either, the parties are concluded, and cannot canvass the same question again in another action, although perhaps some objection or argument might have been urged upon the first trial which would have led to a different judgment.' ''

Authorities may be multiplied announcing the above doctrine. *Messinger* v. *Anderson,* 171 Fed. Rep., 785; *Tioga Railroad* v. *Blossburg & Corning Railroad,* 20 Wall., 137; *State* v. *Dewey,* 65 Vt., 196, and *Coffey* v. *United States,* 116 U. S., 436.

In the case of *Southern Pacific Rd. Co.* v. *United States,* 168 U. S., 1, Justice Harlan, announcing the decision, says, at the bottom of page 48:

''A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.''

Here we have a question distinctly put in issue, which was directly in issue in the case in the United States court, and the right, question and fact were

there determined. The actions are between the same parties, and, under the rule, the judgment and proceedings therein having conclusively established that a referendum on a rate-ordinance based on the franchise-ordinance of 1906 is without effect, that judgment is binding on this court.

The petition is dismissed.

*Petition dismissed.*

Hamilton, P. J., Cushing and Buchwalter, JJ., concur.