THOMPSON *v.* STATE OF INDIANA.

[No. 13,624. Filed July 6, 1929.]

*William D. Hardy*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Bernard A. Keltner*, Deputy Attorney-General, for the State.

REMY, J.—Under §§4 and 24 of the act of 1925 (Acts 1925 p. 144, §§2717 and 2740 Burns 1926), appellant was charged by affidavit in two counts: (1) Unlawful possession of intoxicating liquor; and (2) maintaining a common nuisance. Trial resulted in a conviction on each count.

On appeal, the only error assigned and presented is the action of the court in overruling motion for new trial.

It appears from the uncontradicted evidence that the premises occupied by appellant consisted of a two-story house, the lower story being known and designated as 405, and the upper story as 405½ "South Second street, Evansville, Indiana"; that on March 6, 1926, six police officers armed with two search warrants, one for each story of the building, searched the house, finding therein sixty-six quarts of whisky and two jugs containing alcohol; they also found in one of the rooms of the house two men, not members of appellant's household, drinking

intoxicating liquor. Notice of the search warrant was duly served before the search was begun, and appellant, who was present while the search was being made, admitted that he occupied all of the building as tenant, and stated to the officers that he did not care so much about the finding of the whisky, but regretted that the officers had found the alcohol; that he would give the officers $100 if they would "break the jugs containing alcohol and not take them in the raid"; that, if the alcohol was taken, it "would hurt his business," for people would think that he "was cutting alcohol and coloring it." The record also discloses that the reputation of the place occupied by appellant was bad, as being a place resorted to by persons for the purpose of drinking intoxicating liquor as a beverage.

On the trial, after some evidence had been introduced, the State offered evidence of what was found on the premises of appellant as a result of the search. To this evidence, appellant interposed the objection that the search warrant under which the search was made was invalid. Prior to this objection, no motion to suppress the evidence had been made; and no reason was given by appellant for his failure to present the question before the trial. It may be that appellant reasoned that if he questioned the validity of the search warrant in advance of the trial, and was successful, the State might by the time of the trial be prepared with additional evidence; or he may have thought it good trial tactics to wait till jeopardy attached before he raised the question. Whatever may have been his purpose, he did not in any way question the validity of the search warrant until the trial of his case was in progress, and until it was too late. This court has recently held, in harmony with what is almost the universal rule, that if a defendant, as in this case, knew of the search warrant in ample time to have presented the question as to

its validity in advance of the trial, but failed to present the question until the court was in the midst of the trial of the case, he thereby waived any right he may have had to question the validity of the search warrant or to object to the evidence procured thereunder. *Hantz* v. *State* (1929), 166 N. E. (Ind. App.) 439.

There is abundant evidence to show that appellant was in unlawful possession of intoxicating liquor and was maintaining a common nuisance as charged respectively in the two counts of the affidavit; but it is contended by appellant that if the sufficiency of the evidence, and that it was properly admitted be conceded, nevertheless his conviction on both of the counts was contrary to law. The reason advanced is that the offense of maintaining a common nuisance includes that of unlawful possession, and that, under the evidence in this case, a conviction on the nuisance count necessarily precludes a conviction on the count for unlawful possession; that to sustain the conviction on both counts would result in the imposition of double punishment. The contention is without merit.

The offenses of possession of intoxicating liquor and maintaining a common nuisance, as defined by §§4 and 24 of the Prohibition Act, *supra*, are separate and distinct offenses, which it was within the power of the Legislature to create. See *Woodworth* v. *State* (1916), 185 Ind. 582, 586, 114 N. E. 86; *State* v. *Graham* (1887), 73 Iowa 553, 35 N. W. 628; *State* v. *Jangraw* (1888), 61 Vt. 39, 17 Atl. 733; *Commonwealth* v. *McCabe* (1895), 163 Mass. 98, 39 N. E. 777.

There is no double punishment here for a single offense, for the same offense is not defined in each of the counts. A similar question was before the United States Supreme Court in the case of *Albrecht* v. *United States* (1926), 273 U. S. 1, 47 Sup. Ct. 250, 71 L. Ed. 505. In that case, the defendant, by separate

counts of the same information, was charged with the offenses of possessing and selling intoxicating liquor, and there, as in the case at bar, it was contended that a conviction on both counts would be contrary to law, and for the same reason advanced here by appellant. In discussing the question, the court, in its opinion affirming the lower court, used this language: "The fact that the person sells the liquor which he possessed does not render the possession and the sale necessarily a single offense. There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction." So, in this state, there was nothing to prevent the Legislature from enacting a statute making each step leading up to the sale of intoxicating liquor as a beverage unlawful, and, in doing so, it made the possession of intoxicating liquor and the maintenance of a place for persons to congregate for the purpose of drinking separate offenses.

Appellant submitted no evidence and made no defense on the merits. The testimony of each of the five witnesses for the State, the substance of which is stated in this opinion, stands uncontradicted.

We hold that, under the facts and circumstances as shown by the evidence, the finding of the court that appellant was guilty on each count of the affidavit is not contrary to law.

Affirmed.