## Walter Wilson v. State.

### No. 1812. Decided October 16, 1911.

### Rehearing denied March 12, 1913.

**1.—Occupation—Intoxicating Liquors—Local Option—Sufficiency of the Evidence—Subterfuge.**

Where, upon trial for unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the evidence clearly justified the jury in believing that the so-called lunches attended with the ordering of beer, etc., were a mere subterfuge, and that more than two sales of intoxicating liquors and the pursuing by defendant of such occupation was amply proved, the conviction was sustained.

**2.—Same—Requested Charges—General Objections.**

Where the error assigned on the refusal of submitting requested charges was of a general character without pointing out any error, the same could not be considered on appeal; besides, there was no error in refusing them. Following Berg v. State, 64 Texas Crim. Rep., 612, and other cases.

**3.—Same—Constitutional Law—Indictment.**

The Act of 1909, Penal Code, Article 589, making it unlawful to engage in the occupation of selling intoxicating liquors in local option territory is constitutional, and there was no error in overruling defendant's motion to quash the indictment on this ground. Following Fitch v. State, 58 Texas Crim. Rep., 366, and other cases.

**4.—Same—Felony—Misdemeanor—Former Conviction.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the record showed on appeal that prohibition was in force prior to the time the felony Act went in force, and that defendant had been prosecuted and convicted in the County Court under said law for violating the local option law by making single sales, he could not plead these convictions as former jeopardy, as the offense for which he had

been convicted was separate and distinct from the offense for which he was being tried. Following Robison v. State, 66 Texas Crim. Rep., 392.

**5.—Same—Agreement of Immunity—District Judge—Approval.**

An agreement between defendant and the prosecuting officers promising immunity from further prosecution is not valid without the approval of the district judge, where such agreement is offered in bar to the prosecutions then pending. Following Johnson v. State, 66 Texas Crim. Rep., 586, and other cases.

**6.—Same—Evidence—Former Conviction.**

Where defendant's plea of former conviction was wholly insufficient and was no bar to the offense for which he was being tried, there was no error in not permitting the defendant to offer testimony as to the conduct of the prosecuting officer in said former trial, or to show that the transaction was the same.

**7.—Same—Other Sales—Occupation.**

Upon trial of unlawfully engaging in the occupation of selling intoxicating liquors in local option territory, there was no error in admitting evidence of other sales than those specifically alleged in the indictment.

**8.—Same—Evidence—Books of Express Company.**

In a prosecution for unlawfully engaging in the business of selling intoxicating liquors in local option territory, the books of the express company having been properly proven up and the entries shown to have been correctly made and defendant's receipt therein show, were properly admissible in evidence. Following Stephens v. State, 63 Texas Crim. Rep., 382.

**9.—Same—Leading Questions—Unwilling Witness.**

It is always permissible to permit leading questions to be asked to an unwilling witness, etc. Following Carter v. State, 59 Texas Crim. Rep., 73.

**10.—Same—Remarks by Judge.**

Where the court before reading his charge to the jury explained to them the reason of the delay in the preparation of his charge, at which the jury had become impatient, there was no error.

**11.—Same—Conduct of District Attorney.**

Where the district attorney, in examining the jurors before they were empanneled, stated to them that the law now makes it a felony to engage in the occupation of selling intoxicating liquors in local option territory and asked them whether they believed it was a good law, etc., which they answered in the affirmative, there was no reversible error.

**12.—Same—Charge of Court—Charge as a Whole—Occupation.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the court's charge, when taken as a whole, correctly charged the law under which defendant was being prosecuted, and the same could not have misled the jury to believe that two sales of intoxicating liquors would establish the offense, there was no reversible error.

**13.—Same—Charge of Court—General Objections**

An objection to the charge of the court in a general way without pointing out specific error cannot be considered on appeal. Following Ryan v. State, 64 Texas Crim. Rep., 628, and other cases.

**14.—Same—Charge of Court—Accommodation.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the defendant claimed that he ordered the liquor as an accommodation to the parties to whom he was alleged to have sold it, and also claimed that he collected the money therefor before he

ordered it, and the court's charge in this respect specifically submitted the defendant's theory, there was no error.

### 15.—Same—Charge of Court—Pursuing Occupation—Two Sales.

It is never error to charge the law as it is, when appropriate to charge it at all, and where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the court in his charge substantially submitted the statutes applicable to the facts in evidence and did not either directly or indirectly or by implication make the criterion of the offense to consist simply of two sales as synonomous with pursuing the business or following the occupation, but made defendant's guilt depend upon the fact that he pursued such occupation and, in addition, made at least two sales as charged in the indictment, there was no error.

### 16.—Same—Charge of Court—Practice on Appeal.

It is elementary that this court will not review complaints of the charge of the court when made for the first time in this court. In order to authorize a review of the court's charge, the objection must be raised either by bill of exceptions or by motion for new trial in the court below; and where the appellant, on motion for rehearing, claimed for the first time, error in the court's charge, because it required the jury to believe that he collected the money from the parties before the order for liquor was made, the same could not be considered.

### 17.—Same—Charge of Court—Sale—Accommodation.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence showed that the defendant ordered liquor to be drunk with lunches with which he served certain parties, and the defendant claimed that he ordered this liquor for the accommodation of the parties and claimed that he collected the money from them before he ordered it, but the State denied this and contended that it was a sale and that he collected the money after ordering the liquor, and the court in his charge specifically followed the testimony as made by the defendant himself on this point in submitting the issue, there was no reversible error.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Evans & Carpenter* and *R. F. Spearman* and *Hal C. Horton* and *W. F. Ramsey,* for appellant.—On the question of former conviction: Prine v. State, 41 Texas, 300; Woodward v. State, 42 Texas Crim. Rep., 188; Shubert v. State, 21 Texas Crim. App., 551; Grisham v. State, 19 id., 504; Troy v. State, 10 id., 319; Munch v. State, 7 S. W. Rep., 341; Soliday v. State, 28 Pa., 5104; Corbett v. State, 63 Texas Crim. Rep., 478; 140 S. W. Rep., 342.

On the question of court's charge on definition of occupation: Fitch v. State, 58 Texas Crim. Rep., 366; 127 S. W. Rep., 1040; Thomas v. State, 66 Texas Crim. Rep., 382; Mizell v. State, 59 Texas Crim. Rep., 226; Clark v. State, 61 Texas Crim. Rep., 597; 136 S. W. Rep., 260; Floyd v. State, 66 Texas Crim. Rep., 407; 147 S. W. Rep., 264; Molthrop v. State, 66 Texas Crim. Rep., 543; 147 S. W. Rep., 1159.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was convicted under the Act of 1909 (P. C. Art. 589), for unlawfully engaging in' and pursuing the occupation or business of selling intoxicating liquors in prohibition territory and his penalty fixed at the lowest term,—two years in the penitentiary.

Some nineteen separate and distinct sales of intoxicating liquors were alleged to have been made by appellant to respective persons named between the dates of March 10th to May 18, 1911.

Prohibition had been properly adopted and was in force in Hunt County, where this offense was alleged to have been committed, before 1911, and was in force when all these respective sales were alleged to have been made. It was also shown that between the dates of January 5th and May 22, 1911, appellant had shipped to and received, seventy quarts of intoxicating liquors (whisky). The shipments ranged from two to eight quarts at a time; and that between February 18th and May 22, 1911, he also had shipped to him by express and received, twenty-five kegs of beer. The shipments were one keg each day, received, except on March 20th and 25th, on which days he received two kegs per day. It appears from the evidence that the sale of beer by appellant was made under the guise of lunches. He would go to parties during the times he received this beer, tell them they were going to have a spread that day and that they were going to have beer, and would ask if they wanted to come in on it; that if they did it would cost them fifty cents for lunch. That there were usually from twelve to fifteen persons who would go in on these spreads, each contributing, or usually contributing, fifty cents. He would then order the beer from Dallas, buy some articles for a lunch and when the beer arrived would take it to some out of the way, or secret place, and the parties would then proceed to drink the beer and eat the lunches,—each person drinking beer, as it suited him, until it was all drank. On some occasions he would get these fifty cent payments before he would send for the beer, on others, after he had sent for it and when the beer was on hand. The evidence clearly justified the jury to believe that in most, if not all, of these instances, the lunches and the ordering of beer after the money had been made up and paid in, was a mere subterfuge to try to avoid the penalty of the law. It is true appellant claimed that he was doing all this without profit and merely acting as the agent for these respective parties in ordering, receiving and having them drink the beer and procuring and having them eat the lunches in connection therewith. He also claimed that the shipments of the seventy quarts of whisky, above shown, was not all for himself, but was ordered for others, they paying him the money in advance to get it for them, but all of this was for the jury. The evidence was amply sufficient to show many more than two sales of intoxicating liquors, if not all, of the eighteen

or nineteen alleged in the indictment, and the evidence was amply sufficient to show that the appellant was engaged in the business and pursuing the occupation of selling intoxicating liquors in Hunt County, where prohibition was in force under said act of the Legislature.

A large number of bills of exception were taken to the proceedings and to the admission and exclusion of evidence. It will be unnecessary to take up these matters separately. We will hereinafter discuss such of them as it is necessary to notice.

Appellant also asked some eight or ten special charges which were refused. The only way error is assigned on any of these is, ''the court erred in refusing to give defendant's special charge No. ――,'' filling the blank with the number of the charge. This is clearly insufficient to authorize this court to consider these charges, under the uniform decisions of this court. Berg v. State, 64 Texas Crim. Rep., 612; 142 S. W., 884; Ryan v. State, 64 Texas Crim. Rep., 628; 142 S. W. Rep., 878, and cases there cited. However, we have looked over the charges and in our opinion the court did not err in refusing to give them.

The Act of the Legislature under which this prosecution was had has been uniformly and many times held constitutional. See Fitch v. State, 58 Texas Crim. Rep., 366, and many cases since decided following this case. So that there was no error in the court overruling appellant's motion to quash the indictment in this case on the ground that the said Act was unconstitutional.

The record shows that prohibition was properly adopted, declared, etc., in Hunt County before the Legislature made a single sale in violation thereof, a felony, and, while the violation of such law made it a misdemeanor only. The record further shows that about June, 1911, by proper complaint and information the appellant was charged in the County Court, in some eight cases, with having made separate and distinct sales of intoxicating liquors. Some, at least, of these prosecutions were based on the same sales alleged to have been made by appellant to some of the parties in the indictment in this case. That after these prosecutions were begun, appellant made a trade with the county attorney by which it was agreed that appellant would suffer conviction in three of those cases, and the county attorney would dismiss the other five and that no other prosecution whatever should be had against appellant. All these prosecutions were for misdemeanors and all in the County Court of Hunt County, Texas. That thereupon, appellant did permit conviction to be had against him in three of said cases, the lowest penalty in each being assessed, to-wit: twenty days in jail and a fine of $25, and the other five of those misdemeanor cases were dismissed in the County Court, and the appellant at the time of the trial in this case had suffered part, if not all, of the penalties inflicted in said misdemeanor cases. The court, without a jury, heard all the evidence on this issue and held

against appellant and struck out his plea of former conviction and jeopardy and his settlement of the matter with the county attorney. The county attorney and his assistant, and the county judge, and the district attorney, denied making any such trade and agreement with the appellant in the County Court cases. However, the appellant had some testimony which tended slightly to show that such an agreement may have been made and understood by the appellant. Appellant complains of the action of the court in striking out his said plea of former conviction, jeopardy, and agreement between him and said officers by which he was relieved of any further prosecution and in not submitting that question to the jury for its finding.

There was no error by the court in any of this matter. The offenses prosecuted in the County Court were separate and distinct from the offense with which the appellant was prosecuted and convicted in this case, and a conviction in any and in all of said County Court cases could not have been a bar to this conviction. This question has already been discussed and settled by this court in Robison v. State, 66 Texas Crim. Rep., 392; 147 S. W., 245, and cases there cited; Parshall v. State, 62 Texas Crim. Rep., 177; 138 S. W. Rep., 759. Besides, neither appellant's plea alleges, nor does the proof in any way suggest, that the District Court or the judge thereof, in any way or at any time agreed that the said prosecutions for misdemeanors in the County Court cases, should be any bar to the felony charge in this case. The county attorneys and county judge, even if they had attempted it, the district attorney agreeing or ratifying it, even if he did, without this approval of the District Judge, was not and could not be binding on the State. We do not intimate that any of the county officers or the district attorney made any such agreement with appellant as set up by him, nor that the suggestion thereof by the testimony on the hearing in this case would have authorized a finding that such was a fact. Johnson v. State, 66 Texas Crim. Rep., 586; 148 S. W., 300; C. C. P., Arts. 37 and 643; Fleming v. State, 28 Texas Crim. App., 234; Kelly v. State, 36 Texas Crim, Rep., 480; Diserin v. State, 59 Texas Crim. Rep., 149; 127 S. W., 1038.

The said plea of the appellant, being wholly insufficient and the offense in this case entirely different,—and a felony,—from those of the County Court,—which were misdemeanors,—the court did not err in not permitting appellant to show the course of conduct and what the county attorney did in other cases in no way connected with any of these cases against appellant; and neither did the court err in refusing to permit him to show that any of the various sales in this case were the same as those charged as single sales in the County Court.

Where a person is prosecuted under the statute under which appellant was prosecuted in this case, it is always permissible to prove other sales than those specifically alleged in the indictment for the purpose of showing that it was the business and occupation of the appel-

lant to sell intoxicating liquors. Such has been the uniform holding of this court.

The books of the express company, having been properly proven up and identified and the entries shown to have been correctly made therein, and appellant's receipt for each item thereof having been shown, were clearly admissible in evidence. Stephens v. State, 63 Texas Crim. Rep., 382; 139 S. W. Rep., 1141-6.

It is always permissible for the court, in his discretion, to permit leading questions to be asked to an unwilling witness, and questions asked in such way for the purpose of refreshing the recollection of the witness. The court did not err in permitting this in this case, as complained by appellant. Carter v. State, 59 Texas Crim. Rep., 73.

By another bill it was shown that after all the evidence and argument of the case had been concluded, the court took a recess to a stated time to prepare his charge and examine appellant's special charges. When he returned to the court room it was about one hour later than the time stated for the adjournment for this purpose. When the Judge returned he found that some of the jury had become impatient at this delay. So when he went to read his charge to the jury he explained to them the reason of the delay, and in doing so he said to the jury, and explains the bill, as follows: "Gentlemen, it may seem that I have taken rather a long time to prepare this charge, but when it is taken into consideration that the court's charges are prepared with the view of being criticized by lawyers, and sometimes passed on by the higher courts, and that the court has to examine the special charges, perhaps it is not so long as it may appear."

"In making the above statement I had no intention whatever that the same should be applied by any one to the case at bar, and I am satisfied that the jury did not so construe it; in fact, I feel sure that no one could construe the remarks so as to justify them in concluding that they had the least bearing or influence whatever upon the jury in passing upon this case in their deliberations. In fact, if such remarks had had the least bearing upon the jury, or any one of them, there is no doubt in my mind that the defendant's counsel would have proven such fact upon their motion for a new trial." This bill presents no reversible error.

There was no reversible error shown by appellant's first bill, wherein the district attorney, in examining the jurors before empanelment, stated to them that the law now makes it a felony with a punishment of not less than two years for a person to engage in, or pursue the occupation of selling intoxicating liquors in local option counties, and asked them if they believed that was a good and wholesome law and ought to be enforced, as any other law on the statute books, to which they answered, yes, sir. The objection being: "We object to whether it's being a good and wholesome law as argumentative, tending to prejudge the facts in the case, and get the facts in advance."

It is elementary that when objections are made to particular portions of a charge that the whole charge must be taken into consideration in determining whether such charge is erroneous or not. In the third paragraph of the charge, the court told the jury, in effect, that in order to constitute engaging in or pursuing the occupation or business of selling intoxicating liquors within the meaning of the law, which had in the preceding section been quoted substantially to them, that it shall be necessary for the State to prove that defendant had made at least two sales of intoxicating liquors within the period of limitation. In the 4th paragraph he told them that in order to constitute engaging in, or pursuing the said occupation or business, it is necessary for the State to prove, beyond a reasonable doubt, that the defendant unlawfully engaged in and followed said occupation and business in Hunt County at any time between January 1st and June 1, 1911, and that he unlawfully made, at least, as many as two sales of intoxicating liquors between said dates to the parties named in the indictment. Then in the next paragraph he submitted the case to them correctly for their finding, and told them they must believe, beyond a reasonable doubt, that between said dates, appellant did unlawfully engage in and pursue the said occupation and business as alleged in the indictment, and that between said dates alleged in the indictment he made as many as, at least, two different sales of intoxicating liquors to any of the parties named in the indictment, and if they so believed, to find him guilty, but unless they so find, beyond a reasonable doubt, to acquit him. Then in the next paragraph he told them that if they had a reasonable doubt as to whether appellant engaged in or pursued said occupation or business in Hunt County between said dates, or if they had a reasonable doubt as to whether he made as many as two sales to any of the parties named in the indictment, to acquit him. It is unnecessary in this connection to state the other issues submitted by the court to the jury. Taking this portion of the charge as a whole, it properly and substantially submitted correctly for a finding by the jury, the questions at issue. And appellant's exceptions to said third paragraph of the charge, that it was calculated to lead the jury to believe that two sales would establish the offense and that it was on the weight of the evidence; and to the fourth paragraph that it was on the weight of evidence and a repetition of the third paragraph and gave undue emphasis to the idea of the number of sales required to sustain the offense, are untenable and do not present any reversible error.

There are several separate grounds of the motion for a new trial to this effect: "The court erred in the fifth paragraph of his general charge." Then the same to the 6th, 9th, 10th and 11th paragraphs. These are too general and point out no specific error so as to authorize or require this court to pass thereon. Berg v. State, and Ryan v. State, supra.

In the 7th sub-division of the court's charge he told the jury that

if appellant ordered beer and whisky for the parties named in the indictment, or for others, and that he ordered it as an accommodation for said parties and collected the money from them before the order was made, then he would not be guilty of making sales of intoxicating liquors and the jury should acquit him. In the 8th he told them that if they believed from the evidence that appellant ordered whisky and beer for the parties named in the indictment and as an accommodation for them and collected the money from the parties before the order was made, or if they have a reasonable doubt of it, to . acquit the defendant. Appellant objects to these paragraphs of the charge, claiming that whether he ordered the said liquor as an accommodation or not, he would not be guilty. These charges in this respect submitted specifically the appellant's claim in the matter. He claimed that he ordered this as an accommodation to these parties and claimed that he collected the money therefor before he ordered it. This objection of appellant does not show any error in these paragraphs of the charge. They present the matter as favorably, if not more favorably, to the appellant than should have been done.

There being no reversible error, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

#### March 12, 1913.

PRENDERGAST, JUDGE.—There are but two questions necessary to pass upon which are urged in the motion for rehearing. The first is appellant's complaint of the third paragraph of the court's charge on the ground that it "was calculated to lead the jury to believe that two sales of intoxicating liquor within three years preceding the filing of the indictment will establish the offense with which the defendant is charged, and is on the weight of the evidence." He contends that a charge substantially if not literally as this was condemned and held erroneous by this court in Thomas v. State, 66 Texas Crim. Rep., 374; 147 S. W., 262.

In order to properly present this question we will state more fully the entire charge of the court on this subject, and in connection therewith, quote the statute.

The court, in the first paragraph of the charge, in stating the case to the jury, specifically tells them:

"The defendant, Walter Wilson, stands charged by indictment in this case with the *offense of unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquors* in Hunt County, Texas, on or about the 12th day of May, 1911. To this charge he has pleaded not guilty." (Italics ours.)

This is as clear, unequivocal and specific as language can make it. No claim can possibly be made that by this statement the jury could in any possible way conclude, or for one moment consider, that two sales of intoxicating liquors constituted the offense. The language is,

that he is charged with "*unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquors.*"

In order to show the charge in contrast with the statute we will, in parallel columns, quote the law and the charge.

The statute, P. C., Art. 589, is: "If any person shall engage in or pursue the occupation or business of selling intoxicating liquors, except as permitted by law, in any county, justice precinct, city, town or subdivision of a county, in which the sale of intoxicating liquor has been or shall hereafter be prohibited under the laws of this state, he or she shall be punished by confinement in the penitentiary not less than two nor more than five years."

The charge is: "2. Our statute provides: 'If any person shall engage in or pursue the occupation or business of selling intoxicating liquors, except as permitted by law, in any county, justice precinct, city, town or subdivision of a county in which the sale of intoxicating liquor has been or shall hereafter be prohibited under the laws of this State, he or she shall be punished by confinement in the penitentiary not less than two nor more than five years."

The statute is, Art. 591, P. C.: "In order to constitute the engaging in or pursuing the occupation or business of selling intoxicating liquors, within the meaning of this law, it shall be necessary for the State to prove in all prosecutions hereunder, that the defendant made at least two sales of intoxicating liquor within three years next preceding the filing of the indictment."

The charge is: "3. In order to constitute the engaging in or pursuing the occupation or business of selling intoxicating liquors within the meaning of the law it shall be necessary for the State to prove in all prosecutions for the violation of this law that the defendant made at least two sales of intoxicating liquor within three years next preceding the filing of the indictment."

It will be seen by the above that the 2nd paragraph of the charge is a literal copy of Art. 589 of the statute itself.

That the next paragraph of the charge is almost a literal copy of the statute, Art. 591. The only difference is that where the statute says, "within the meaning of *this* law," the court has "within the meaning of *the* law;" and that where the statute says, "it shall be necessary for the State to prove in all prosecutions *hereunder*," the charge says "it shall be necessary for the State to prove in all prosecutions *for the violation of this law.*" It will be seen by this that no possible difference, so far as the use of the word "the" instead of "this" is shown, and no possible different meaning could thereby be had either directly or indirectly. Again, where the charge uses the words "for the violation of this law," instead of the word "hereunder," as the statute has it, following the words used, both in the

law and in the charge, "it shall be necessary for the State to prove in all prosecutions," is in effect precisely and exactly the same. It would not have been proper for the court, in said 3rd paragraph, to have quoted the word "hereunder" as it is in the statute, but it was necessary and proper to use instead, the words he did use. There is no possibility of any error in the law as stated by the court in this paragraph and as the statute itself states it. The Legislature, by specific enactment, made both of these Articles a necessary part of the law of this offense. Acts of 1909, p. 284. It is never error to charge the law as it is, when appropriate to charge it at all.

Then immediately following the above paragraphs of the court's charge, quoting the statute constituting the offense, he aptly combines the two and tells the jury:

"4. In order to constitute engaging in or pursuing the occupation or business of selling intoxicating liquors it is necessary for the State to prove beyond a reasonable doubt that the defendant, Walter Wilson, unlawfully engaged in and followed the occupation and business of selling intoxicating liquors in Hunt County, Texas, at any time between the 1st day of January, 1911, and the 1st day of June, 1911, and that the defendant unlawfully made at least as many as two sales of intoxicating liquors between said dates in Hunt County, Texas, to the parties named in the indictment."

Then immediately following paragraph four, follows paragraphs five and six, as follows:

"5. If, therefore, you believe from the evidence beyond a reasonable doubt that between the 1st day of January, 1911, and the 1st day of June, 1911, the sale of intoxicating liquors was prohibited in Hunt County, Texas, under the laws of this State, and that the defendant, Walter Wilson, did at any time between said dates, in Hunt County, Texas, unlawfully engage in and pursue the occupation and business of selling intoxicating liquors, as alleged in the indictment, and if you believe the defendant unlawfully in said county and State, between said dates, and at or about the dates alleged in the indictment, made as many at least as two different sales of intoxicating liquors to any of the parties named in the indictment, then you will find the defendant guilty as charged; but unless you so find beyond a reasonable doubt you will acquit the defendant."

"6. If you have a reasonable doubt as to whether the defendant engaged in or pursued the occupation of selling intoxicating liquors in Hunt County, Texas, between the 1st day of January, 1911, and the 1st day of June, 1911; or if you have a reasonable doubt as to whether he made as many as two sales of intoxicating liquors to any of the parties named in the indictment on or about the dates alleged in the indictment, then you will acquit the defendant."

In our opinion it would have been impossible for the jury to have believed from these charges that they were authorized to convict appellant if he only made two sales of intoxicating liquors, and the

charge in no way can be construed to be upon the weight of the evidence.

' The charge of the court and original opinion in this case is in no way in conflict with said Thomas case, nor with the case of Floyd v. State, 65 Texas Crim. Rep., 407; 147 S. W., 264, nor with the case of Malthrop v. State, 66 Texas Crim. Rep., 543; 147 S. W., 1159-60-1, but is in strict accord therewith. A reading of the Thomas case will show that the charge held erroneous in that case was so held because the court specifically, as shown by the opinion in that case, authorized and permitted the conviction of the appellant therein, because he had made two sales and only two sales of intoxicating liquors. The opinion of the court in the Thomas case, after pointing out that there is a clear distinction made by law between the sale of intoxicating liquors in prohibition territory and the following of the business or pursuing the occupation of selling such liquors, says: "The court, however, in this case seems to make the criterion simply two sales as synonymous with pursuing the business or following the occupation of selling intoxicants." Again the court says: "The charge in this case makes the criterion of appellant's guilt depend upon the fact that two sales would constitute pursuing the business. This is not correct. The statute requires that he must pursue the business or follow the occupation of selling intoxicants, and, in addition to that, must make the necessary sales." In this case in no way did the court, either by directly so charging, or by implication, make the criterion simply two sales as synonymous with pursuing the business or following the occupation. But specifically, clearly and without doubt, made the criterion of appellant's guilt depend upon two things,—first, that they must believe beyond a reasonable doubt, that he pursued the business or followed the occupation of selling intoxicants and, in addition, made at least two sales charged and specified in the indictment. The poinion in this case is not in conflict with any other case decided by this court under this law, but on the contrary, is in consonance and in accord with all of them.

The only other contention urged in the motion for rehearing is his 35th ground of his motion for new trial. That ground is: ·

"The court erred in the 7th and 8th paragraphs of his charge, in that if the defendant ordered the liquor as an accommodation to the other parties, and not as a sale to them, or if he collected the money from the other parties for the liquor before the order was made, *whether he did so as an accommodation or not,* he would not be guilty." (Italics ours.)

The 7th and 8th paragraphs of the court's charge are:

"7. You are further charged that if the defendant ordered beer and whisky for the parties named in the indictment, or for others, and that the defendant ordered same as an accommodation for said parties, and that he collected the money from said parties before the order was made, then in that event, he would not be guilty of making

sales of intoxicating liquors, and you should acquit him in this case.''

"8. If you believe from the evidence that the defendant ordered whisky and beer for the parties named in the indictment and that he ordered same as an accommodation for said parties, and that he collected the money from said parties before the order was made, or if you have a reasonable doubt as to this issue, you will acquit the defendant.''

Although appellant, in the original presentation of this case, filed an extensive brief, yet he in no way therein, or thereby presented this ground of his motion for new trial. It will be seen by this quoted ground of his complaint, that his contention hinges solely around the fact that said charges required that he ordered the liquor and collected the money for it, for the other parties *as an accommodation* to them, claiming that "whether he did so *as an accommodation or not*," he would be guilty. It is now, for the first time, in the motion for rehearing, claimed that these charges were erroneous in that they required the jury to believe "*that he collected the money from said parties before the order was made*," quite a different thing. It is elementary that this court will not review complaints of the charge when first made in this court. In order to authorize this court to review a question on the court's charge the complaint must have been in the court below, either by bill of exceptions or by motion for new trial.

As to appellant's said contention in the court below, the court's charge specifically followed the evidence as made by appellant himself and the whole of it, on this point. In the course of his testimony appellant repeatedly and at different times testified on this point. In speaking of ordering these liquors he said: "I didn't make any money on it, and the money was paid before I ordered; I did it for them as an accommodation.'' Then in another place, in speaking of ordering the beer and procuring the lunches, he went into a detail statement of how much the beer cost in Dallas, the express charges on it from Dallas to Greenville, the amount he would even pay for the postage stamp, and money order, and the 'phone charges, and "in those beer spreads I never did make a five cents out of any of this, but I chipped in like the rest and it was done in my name and that was the way it was done.'' Again, "at no time on these deals did I ever receive or make a five cents out of the transaction, but I put in my money and drank it with the crowd.'' Again, "I didn't get anything out of it,—Never received a cent for it.'' And again, "I was doing all this business for accommodation.''

So that the court's charge in said paragraphs 7 and 8 on the ground of complaint made by the appellant in the court below was specifically and directly applicable to appellant's own testimony and his then claim and contention.

On the other point and contention, now for the first time made, if we could consider it, the charge was equally applicable and stated the correct principle under the case made and contention of the

parties. The State's contention in the court below on this point was,—first, that appellant did not order the intoxicating liquors as an accommodation or otherwise for the parties, as he claimed he did, but that each order was, instead, a direct sale from him to these respective parties; second, his contention was that in every instance where he made the orders for these liquors, in order to show he did not sell to them, he claimed that he collected the money from the parties before he ordered the liquor, the State contending that he did not do so, but that he frequently and repeatedly collected the money from the parties *after* he had ordered the liquor, and frequently, after the liquors had been actually received and were then ready to be delivered or drunk, thereby making, instead of an order for other parties with their money, a direct sale to them by him.

So that in our opinion thees respective charges 7 and 8 correctly presented the questions to the jury, as raised by the parties on the trial. And appellant's contention in either contingency, whether made in the court below, or first made in this, presents no reversible error. The motion for rehearing is overruled.

*Overruled.*