### CHARLEY BIRD v. THE STATE.

#### No. 2099.   Decided May 21, 1913.

**1.—Occupation—Intoxicating Liquors—Local Option—Charge of Court.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the court, in his charge, made the criterion simply two sales as pursuing the business or occupation of selling intoxicating liquors, and by no means made it clear that the jury must believe from all the evidence that the defendant pursued said occupation and in addition thereto made as many as two sales, the same was reversible error. Following Wilson v. State, 154 S. W. Rep., 572.

**2.—Same—Description of Precinct.**

The description of the precinct in which prohibition was adopted was sufficient, and there was no error on that ground.

Appeal from the District Court of Potter. Tried below before the Hon. John W. Veale, special judge.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted and convicted of unlawfully engaging in and pursuing the business of selling intoxicating liquors, in Commissioners Precinct No. 1 in Potter County, wherein prohibition was in force.

It is necessary to consider but one question which is properly raised. The charge of the court in stating the case tells the jury that the appellant stands charged by indictment with the offense of unlawfully engag-

ing in the occupation and business of selling intoxicating liquors in said precinct in Potter County; then "the several sales alleged to have been made by defendant constituting such offense are alleged to have been made by the defendant in said Commissioners Precinct in said Potter County to the persons and on or about the dates as follows:" Then, as in the indictment, the court specifies eight particular and distinct sales at distinct and separate times alleged to have been made by appellant to Caesar Jackson, then six other separate and distinct sales at different and distinct times alleged to have been made by appellant to Louise Johnson, then one other at a separate and distinct time alleged to have been made by appellant to Louie Kirsch. All of this is in one paragraph of the court's charge. Then follows, in a separate paragraph, a statement in the charge as to the law to govern the jury in the disposition of the case, and says: First. This, in substance, is, that our statute provides that if any person shall engage in or pursue the occupation or business of selling intoxicating liquors, except as permitted by law, in any prohibition territory in which the sale of intoxicating liquors has been prohibited he shall be punished by confinement in the penitentiary not less than two nor more than five years.

Then in the second paragraph the charge is: Our statute further provides that to constitute the engaging in or pursuing the occupation or business of selling intoxicating liquors (within the meaning of the law as given in paragraph one of this charge) it shall be necessary for the State to prove by competent evidence beyond a reasonable doubt that the defendant made at least two sales of intoxicating liquors within three years next before the filing of the indictment.

Then in submitting the case to the jury for a finding in the third paragraph the charge tells the jury: If you find and believe from the evidence beyond a reasonable doubt that on or about the several dates and times hereinbefore set out since the 16th day of November, 1911, the defendant in said precinct did engage in or pursue the occupation or business of selling intoxicating liquors, and you further believe beyond a reasonable doubt that the sale of intoxicating liquors had theretofore been and was then prohibited in said precinct, then you will find the defendant guilty, etc.

Appellant contends, and did in the lower court, that the effect of this charge by the court is to tell the jury that they could convict the appellant by the State proving that he made at least two sales of intoxicating liquors since November 16, 1911, the date prohibition went into effect in said precinct. And also that by said charge the jury is not told specifically and clearly that in order to convict appellant the State must prove that he was engaged in and pursued the said business, and in addition, made at least two sales of intoxicating liquors as charged specifically in the indictment.

In addition to the complaints of the court's charge the appellant requested charges seeking to correct the claimed errors in the court's charge, which were refused. While these special charges may not have

been entirely accurate, they were sufficiently so to require the court either give one or both of them, or so modify the charge of the court as to cover the questions.

The offense prescribed by this statute (P. C., art. 589) is that "if any person shall engage in or pursue the occupation or business of selling intoxicating liquors, except as permitted by law, in any territory wherein prohibition is in force, he shall be punished," etc. That is the offense. But article 591 of the Code requires, in addition, to make out this offense, that it shall be necessary for the State to prove that the accused made at least two sales of intoxicating liquor within three years next preceding the indictment. The merely making of two or more sales within and of itself does not constitute the offense. The making of two or more sales and especially where a large number are made by an accused, at and about and shortly prior to the time he is charged by the indictment with the said offense, might and probably would be sufficient evidence to establish the fact that he was engaged in and pursued such business. (Mansfield v. State, 17 Texas Crim. App., 472.) By the charge of the learned trial judge, in full substance given above, he seems to make the criterion simply two sales as pursuing the business or occupation of selling intoxicating liquors. He, by no means, makes it clear by the charge that the jury must believe from all the evidence that he pursued the said business or occupation, and in addition thereto made as many as two sales.

It is unnecessary to cite the cases on this point decided by this court. The statute itself is very clear and distinct; but see Wilson v. State, 154 S. W. Rep., 572, and cases therein cited. Others might be cited, but we deem it unnecessary. So that in our opinion appellant's contention is correct, the charge of the court is erroneous, which necessitates a reversal of the judgment.

There is no other question raised in this case likely to occur on another trial. The description of Precinct No. 1 in Potter County in which prohibition was adopted, as has already been held by this court, was sufficient.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*