EMMA HIGHTOWER v. THE STATE.

No. 2663.   Decided January 7, 1914.

Rehearing granted March 18, 1914.

**1.—Occupation—Intoxicating Liquors—Local Option—Indictment—Amendment—Surplusage.**

Where the indictment failed to allege the term of the court, the court committed no error in permitting the county attorney to amend the same, as this was a mere matter of form, and at most surplusage. Following Grayson v. State, 35 Texas Crim. Rep., 629, and other cases.

**2.—Same—Occupation—Sale—Separate and Distinct Offenses—Former Jeopardy.**

Pursuing the business or occupation of selling intoxicating liquors in prohibition territory is an entirely separate and distinct offense from making individual sales, and a plea of former jeopardy because defendant was tried for specific individual sales was correctly stricken out. Following Robinson v. State, 66 Texas Crim. Rep., 392, 147 S. W. Rep., 245, and other cases.

**3.—Same—Evidence—Immaterial Testimony.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in refusing to permit defendant to ask a State's witness whether he had sworn to the truth in a trial in the County Court.

**4.—Same—Evidence—Identity of Defendant.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in admitting testimony as to the identity of defendant as the person who sold the liquor.

**5.—Same—Evidence—Moral Turpitude.**

There was no error in refusing to permit defendant to prove that a State's witness had been convicted for selling intoxicating liquors, which was a misdemeanor.

**6.—Same—Evidence—Cross-examination.**

Where defendant was tried for pursuing the occupation of selling intoxicating liquors in local option territory, there was no error on cross-examination of defendant requiring her to answer how she accounted for so many people coming to her to buy whisky.

**7.—Same—Charge of Court—Must Be Considered as a Whole.**

Where the charge of the court, taken as a whole, correctly defined the meaning of engaging in or pursuing the occupation or business of selling intoxicating

liquors in prohibition territory and required the jury to find that the defendant made at least as many as three sales, etc., there was no error, and complaints of separate and distinct paragraphs of the court's charge can not be considered; besides, the court gave defendant's special requested charge on this subject. Following Clark v. State, 61 Texas Crim. Rep., 597, and other cases.

**8.—Same—Sale—Agency.**

Where, upon trial of selling intoxicating liquors in local option territory, one of the specific sales charged in the indictment was clearly sustained by the testimony as a whole, and did not show that defendant acted as the agent of another, there was no error in refusing a requested charge thereon.

**9.—Same—Charge of Court—Sales Alleged.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the State did not have to prove each and every one of the specific sales alleged in order to convict defendant, and there was no error in the court's refusal to so instruct the jury.

**10.—Same—Occasional Sales—Charge of Court—Occupation.**

Where the evidence did not call for a charge on occasional sales, and defendant's definition in his requested charge of pursuing the occupation of selling intoxicating liquors in prohibition territory was improper, there was no error in the court's refusal of the same, the court's main charge properly submitting the meaning of "occupation."

**11.—Same—Accomplice—Charge of Court.**

While the mere purchase of whisky from the defendant would not make the State's witness an accomplice, yet, where he joined her in an order for whisky in his own name and receipted therefor and delivered it to defendant, and the evidence tended to show that he assisted her in the unlawful occupation of selling intoxicating liquors in prohibition territory, the court should have charged on the law of accomplice testimony, especially where the court's attention was called thereto by a requested charge. Distinguishing Creech v. State, 70 Texas Crim. Rep., 229.

**12.—Same—Charge of Court—Occupation.**

The lower court should charge the terms of the statute with reference to the definition of occupation in favor of the State, in trials of pursuing the occupation of selling intoxicating liquors in local option territory, as has been laid down by this court, but where he does not so charge, the accused has no ground to complain. Following Christian v. State, 71 Texas Crim. Rep., 566, 161 S. W. Rep., 101.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*George S. King,* for appellant.—On question of definition of occupation: Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1040; Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Malthrop v. State, 147 S. W. Rep., 1159; Thomas v. State, 66 Texas Crim. Rep., 374, 147 S. W. Rep., 262; Floyd v. State, 66 Texas Crim. Rep., 407, 147 S. W. Rep., 264.

On question of the court's failure to charge on accomplice testimony:

Martin v. State, 36 Texas Crim. Rep., 632; Kelly v. State, 34 id., 412; Barr v. State, 36 id., 492; Thomas v. State, 66 Texas Crim. Rep., 374, 147 S. W. Rep., 262; Walker v. State, 37 S. W. Rep., 423; Brann v. State, 39 S. W. Rep., 940; Steele v. State, 19 Texas Crim. App., 425.

On question of specific sales alleged: Whithead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583; Ex parte Campbell, 149 S. W. Rep., 193; Sessions v. State, 98 S. W. Rep., 243.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

PRENDERGAST, PRESIDING JUDGE.—From a conviction for pursuing the business or occupation of selling intoxicating liquors in prohibition territory, appellant prosecutes this appeal.

At an election held in 1906, the law prohibiting the sale of intoxicating liquors in Nacogdoches County was carried and then duly put in force. The indictment was returned and filed February 16, 1912, alleging that the offense was committed on or about January 14, 1911. It charged the offense in compliance with the statute and alleged eight specific sales to persons named. The State's evidence was sufficient to show that at least five of these specific sales were made, and in addition at least one other which was not specifically alleged. Appellant testified denying each of these sales and said she had made no sale to any person. The evidence showed that she had many times been prosecuted for making individual sales in violation of the prohibition law. Among other things, she testified that all classes of people, during the night and all night long, came to her house, asked for whisky and, it seems, that this had been kept up for some time.

The indictment, in the first part, alleged: "In the name and by the authority of the State of Texas. The grand jurors, for the County of Nacogdoches, and State of Texas, duly organized as such (at the————— term, A. D. 191—) of the District Court of said county upon their oaths in said court present, etc." Before the trial began, upon the motion of the county attorney, the court permitted the indictment to be amended by inserting "February" and "2," making it read, where inclosed in the brackets, as above, "February Term, A. D. 1912." The court committed no error in permitting this amendment. The allegation was surplusage and a mere matter of form. C. C. P., arts. 598-9; Grayson v. State, 35 Texas Crim. Rep., 629; Murphy v. State, 36 Texas Crim. Rep., 24; Osborne v. State, 24 Texas Crim. App., 398.

Pursuing the business or occupation of selling intoxicating liquors in prohibition territory is an entirely separate and distinct offense from making individual sales. Under an indictment and trial for the offense of pursuing the business and occupation, it is necessary to allege, as the statute requires, at least two specific sales to persons named. That an accused has been tried and either acquitted or convicted of said individual sales, would present no question of former jeopardy when such

specific sales are alleged in this offense  The court did not, therefore, err in holding that the former trial for these specific individual sales was not former jeopardy and excluding evidence of an acquittal or conviction either, on the same grounds.  Robinson v. State, 66 Texas Crim. Rep., 392, 147 S. W. Rep., 245; Wilson v. State, 69 Texas Crim. Rep., 567, 154 S. W. Rep., 571, and other cases unnecessary to cite.

As qualified by the court, no error is shown in refusing to permit appellant to ask Judge McKnight whether he was swearing the truth in giving his testimony in the County Court trial; nor, in admitting the testimony of Jeff Mora as to the identity of appellant as the person from whom he bought whisky.  Nor did the court err in refusing to permit appellant to prove that the State's witness Wallace Jones had been convicted for selling intoxicating liquor, such conviction not having been a felony, and, as has been many times held by this court, a misdemeanor conviction for selling intoxicating liquor in prohibition territory is not an offense involving moral turpitude.  Branch's Crim. Law, sec. 868, p. 551.  Nor does appellant's bill, as qualified by the judge, that asking appellant on cross-examination by the State, and requiring her to answer, how she accounted for so many people coming to her to buy whisky, show any error.  This was proper cross-examination.

There are some complaints by appellant of separate and distinct paragraphs of the court's charge.  Also of the refusal of the court to give certain special charges requested by her.  None of these present any error. The charge of the court must be considered as a whole when some paragraph or portion thereof only is criticised.  The criticism of different paragraphs of the court's charge, in effect, is that thereby the court permitted her conviction if the jury believed the State had shown as many as two separate and distinct sales, and that the court's charge does not define the offense.  The charge of the court, taken as a whole, is not subject to any of these objections.  The charge gives the substance in full of the statute in substantially, if not literally, the language thereof to the effect that if any person shall engage in or pursue the occupation or business of selling intoxicating liquors in prohibition territory, he shall be punished, etc., "and the law further provides that in order to constitute the engaging in or pursuing the occupation or business of selling intoxicating liquors within the meaning of the law, it shall be necessary for the State to prove that the defendant made at least as many as two sales, etc."  Then, in submitting the case to the jury for a finding, required that they shall believe beyond a reasonable doubt, not only that appellant engaged in and pursued the said occupation and business, etc., but did make two or more sales of such liquor, before they could find her guilty.  Both requisites of the statute are plainly charged and both are required to be found before a conviction can be had.  This is fully in accord with the many decisions of this court. It is unnecessary to cite them all.  See Clark v. State, 61 Texas Crim. Rep., 597; Dickson v. State, 66 Texas Crim. Rep., 270, 146 S. W. Rep., 914; Wilson v. State, 68 Texas Crim. Rep., 567, 154 S. W. Rep., 571.

In addition to the court's charge this special charge of appellant was also given: "You are instructed that you can not convict the defendant in this case for pursuing the business and occupation of selling intoxicating liquors, as charged in the indictment because she permitted certain parties to leave intoxicating liquors upon her premises. Before you can find her guilty under this indictment, you must find from the evidence beyond a reasonable doubt the following two propositions: First, that she actually made sales of intoxicating liquors in pursuit of the business and occupation of selling intoxicating liquors. Second, and that she was engaged in the business and occupation of selling intoxicating liquors. And if you fail to find the facts to be, or if you fail to find that both facts have been established beyond a reasonable doubt, you will return a verdict of not guilty and this, notwithstanding you believe beyond a reasonable doubt that one of said essential elements has been proven."

One of the specific sales charged in the indictment was to Wallace Jones. In effect, he testified that prior to December 17, 1911, he had done some work for appellant for which she owed him 90 cents; that on Monday about that date he saw appellant at her house and told her he would be back there the following Saturday and that if she could get anything, or was making up any orders for whisky to put him in for a half gallon and he would pay her on Saturday; that he went to her on Saturday and asked if she had gotten the whisky or had it; that she said yes. At the time she was in one room of her house taking a bath and he did not see her; that she told him where to find the whisky, two quarts, under the table; that he found it where she told him and he told her that he would pay her as promised, that is, $3, by paying her the difference between what she owed him, 90 cents, which was $2.10; that he then left, as he told her, the $2.10 on the table, took the two quarts of whisky and left, thus paying her $2.10 cash, and the 90 cents which she owed him for work, for the two quarts of whisky. He didn't know whether she had ordered the whisky for him or not. In effect, she testified substantially the same as appellant, except that she never ordered this whisky for him, but that she herself got Tom Edmonson to order it, and at the same time to order for her some whisky; that Edmonson did order the whisky for her and Jones and brought a gallon to her house before Jones returned that Saturday; that when she had Edmonson to order a gallon of whisky she gave him $3 for that purpose. She said at the time Jones, on Saturday, came and got the two quarts of whisky, she was in the room taking a bath and did not see him, but told him where to find and get the two quarts of whisky and that he told her at the time that he would leave the $2.10 cash on the table, and that, with the 90 cents she owed him for said work, would pay her for the two quarts of whisky. According to her testimony she gave Edmonson $3 to buy a gallon of whisky, which he did; that when Edmonson brought it to her she took her two quarts, half of it, and that Jones, when he

got the other two quarts, paid for it, as stated above, but she claims that while she supposes Jones left the $2.10 on the table for her, as a matter of fact, she did not get the $2.10.

Taking the testimony as a whole, this would clearly show a sale by appellant to Jones of two quarts of this whisky and it would not show that she was acting merely as the agent of Jones in ordering this whisky for him and that it was his whisky and not hers, under the decisions. However, appellant requested, and the court refused, a special charge not to consider as a sale said transaction with Jones if he requested her to order, or have someone order, for him some whisky and to pay her therefor out of money then due him and in pursuance of said instructions she ordered or had said liquor ordered for Jones, and in so doing acted as his agent. Instead the court charged them, doubtless because of this special requested charge, and invited thereby, that if said Jones requested her to order whisky for him and if she did so, or had someone else to do so for her, and that she acted as his agent in ordering such whisky, or if they had a reasonable doubt thereof, such transaction would not be a sale to said Jones and not to consider such transaction, unless said Jones paid her for said whisky after it arrived, or at the time of the delivery. Such charge and the refusal of her special charge, present no reversible error.

The State did not have to prove each and every one of the specific sales alleged before appellant could be convicted. It was under the necessity of proving that she followed the business or occupation and made at least two of said alleged sales. The court did not err in refusing appellant's special charge that the State had to prove every one of said sales.

Neither did the court err in refusing appellant's special charges to the effect that if she made only an occasional sale, even on two or three occasions, she could not be convicted of pursuing the business or occupation, and that by the term "pursuing the occupation" is meant that she was engaged in selling intoxicating liquors as her chief business and occupation. Nor that such term means a business in which one engages for the purpose of making a living or obtaining wealth. The evidence did not call for a charge on an occasional sale, and appellant's definition of what is meant by pursuing the business or occupation of selling intoxicating liquors in prohibition territory has all the time been held improper under the statute by the decisions of this court. As stated above, the court's charge and that given at appellant's instance required the jury to believe beyond a reasonable doubt that appellant pursued the business or occupation of selling intoxicating liquors and, in addition, made more than two sales before they could convict. Taken as a whole, and especially in connection with appellant's said special charge given, the charge correctly and substantially submitted every question properly and necessary to be found before a conviction could be had.

The evidence did not call for a submission to the jury of whether or

not Whitton was an accomplice and the court did not err in refusing appellant's special charge on that subject.

There being no reversible error, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 18, 1914.

PRENDERGAST, PRESIDING JUDGE.—There are but two questions raised by the motion for rehearing which it is necessary to discuss.

1.   The first is the court's refusal to submit to the jury whether the witness Whitton was an accomplice. Appellant raised and saved this point by requesting a charge on the subject and by taking a bill of exceptions to the refusal of the court to give such charge, and then in the motion for new trial. Upon a thorough review of the evidence we have reached the conclusion that it does raise the question of whether or not Whitton was an accomplice, and that we were in error in holding it did not in the original opinion, and we now hold the court should have submitted that question to the jury. The effect of his testimony tends to show that he knew appellant kept, or got, whisky for sale, and his testimony tends to show that she made sales thereof, and was engaged in that business. In the indictment he is alleged to be one of the persons who made two separate and distinct purchases of intoxicating liquors from her while she was so engaged in said business. He testified he bought whisky from her three or four times. The mere fact that he purchased whisky from her would not make him an accomplice under the statute and decisions of this court (Creech v. State, 70 Texas Crim. Rep., 229, 158 S. W. Rep., 227, and cases there cited); but his testimony went further to the effect that he joined her in an order for whisky in his own name and received and receipted therefor, and delivered it, or had it delivered to her; also that she ordered other whisky in his name without his knowledge, but that when it reached Nacogdoches, being in his name, the carrier refused to deliver it to anyone except to him and thereupon he at last, at hers and the instance of others for her, receipted for and received said liquor and turned it over to her or had it turned over to her. It appears that this is some of the liquor, or at least was received about the time that others testify they bought whisky from her. These acts on his part would tend to show that he was an accomplice.

The first paragraph of appellant's special refused charge on this issue is: "You are instructed as a part of the law in this case with reference to the alleged sale to the State witness, I. A. Whitton, that if said Whitton ordered or procured whisky to be ordered by or for the defendant for the purpose and assisted in the sale, if any were made to him or to other persons, and participated in the proceeds of said sale, either by receiving whisky or money, then he would be an accomplice and you will not convict the defendant upon said testimony unless you further believe that there is other testimony in the case corroborative of said

Whitton's testimony tending to connect the defendant with the transaction alleged to have been had with Whitton, and the corroboration is not sufficient if it merely shows the commission of the offense charged." This paragraph suggests at least that a correct applicable statement of the law be given. In further applying the law to the facts, the latter paragraph of appellant's said charge, as it is shown in this record, should not be given. Instead, an appropriate application to the facts should be made as the jury might find he was corroborated as to one and not more than one sale to him. If to more than one, then, without reference to an alleged sale to any other person on this feature of the law, they could convict. If to one only, then they could, with that one and one or more other alleged sales to others if proven as to this feature of the law, convict. If neither sale to him was corroborated, then they could convict as to this feature if the State showed two alleged sales to others without reference to either of the alleged sales to Whitton. We merely call attention to these matters so that in another trial the learned trial judge can charge to cover these various features.

2.    When the court does not define what is meant by "engaging in or pursue the occupation or business of selling intoxicating liquors" as used in article 589, Penal Code, substantially as was done by the charges in Dickson v. State, 66 Texas Crim. Rep., 270, 146 S. W. Rep., 914, or Creech v. State, 70 Texas Crim. Rep., 229, 158 S. W. Rep., 282, and many other cases decided by this court and as discussed and illustrated in Fitch v. State, 58 Texas Crim. Rep., 366, but merely charges in the language of the statute, or substantially so on this feature, such charge would be against the State and in favor of the accused (Clark v. State, 61 Texas Crim. Rep., 597 and 604), for if not defined as in the Dickson and Creech cases, supra, then the jury would understand to "engage in or pursue the occupation or business," etc., meant "calling, trade, vocation; or business which one principally engages in to procure a living, or obtain wealth." Art. 10, P. C.; Stanford v. State, 16 Texas Crim. App., 331; Love v. State, 31 Texas Crim. Rep., 469. So that in all cases tried under said article 589, as this case was, the lower courts should charge defining said terms of the statute in favor of the State substantially as said charges in the Dickson and Creech cases or as discussed and illustrated in the Fitch case, supra; but if they do not so charge in favor of the State, the accused has no ground to complain. Christian v. State, 71 Texas Crim. Rep., 566, 161 S. W. Rep., 101.

For the error of the lower court in not submitting the question of whether or not Whitton was an accomplice and requiring his corroboration, the judgment heretofore affirming this case is set aside, the rehearing granted, and the cause is now reversed and remanded.

*Reversed and remanded.*