MEDLOCK v. STATE. (No. 4076.)

(Court of Criminal Appeals of Texas. May 17, 1916.)

1. CRIMINAL LAW ⟶1102—STATEMENT OF FACTS—STRIKING OUT.

A statement of facts filed by appellant long after the time authorized by law must be stricken out on motion of the Attorney General.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. ⟶1102.]

2. CRIMINAL LAW ⟶202(3)—FORMER JEOPARDY—IDENTITY OF OFFENSES—LIQUOR LAWS.

In a prosecution for a misdemeanor in violating the prohibition liquor law in making a single sale of intoxicating liquor to a person named, a plea that defendant had been tried and convicted for unlawfully engaging in the business of selling intoxicating liquors in prohibition territory, partly on the testimony of the witness to whom the single sale was alleged to have been made, was not good as a plea of former jeopardy, since the offenses were separate and distinct.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 397; Dec. Dig. ⟶202(3).]

Appeal from Gregg County Court; J. H. McHaney, Judge.

Charlie Medlock was convicted of violation of the prohibition law, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted for a violation of the prohibition liquor law in making a single sale of intoxicating liquor to one Lee—a misdemeanor.

[1] There is in the record a statement of facts, but filed long after the time author-

ized by law. The Assistant Attorney General's motion to strike it out on that account must be sustained, but it is very brief, and we have read it. Even if it had been filed in time, the evidence would clearly justify the conviction.

[2] In addition to denying the sale, appellant pleaded former jeopardy in that he was before then tried and convicted for unlawfully engaging in the business of selling intoxicating liquors in prohibition. territory. It seems the basis for his claim of former jeopardy was that said Lee, who testified against him in his former conviction, also testified in this case, and that it was this witness to whom a single sale was alleged herein and upon whose testimony he was convicted of this misdemeanor. This question has repeatedly been decided against appellant by this court. The two offenses are separate and distinct, and neither is former jeopardy of the other. Robinson v. State, 66 Tex. Cr. R. 392, 147 S. W. 245; Wilson v. State, 69 Tex. Cr. R. 567, 154 S. W. 571; Barnes v. State, 185 S. W. 2, recently decided, but not yet officially reported.

The judgment is affirmed.