JOCK SMITH v. THE STATE.

No. 4714.    Decided November 28, 1917.

**1.—Local Option—Sufficiency of the Evidence—Occupation.**

Where, upon trial of pursuing the occupation, etc., of selling intoxicating liquors in prohibition territory, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Former Jeopardy—Separate Offenses.**

Defendant's plea of former jeopardy to the effect that he was convicted in the Federal Court for selling liquor without license, and for making separate sales of liquor in the County Court was correctly stricken out by the court, as these were separate and distinct offenses from that of following the occupation of selling intoxicating liquors in prohibition territory, and this although the individual sales could be proven in the instant case.  Following Wilson v. State, 69 Texas Crim. Rep., 567, and other cases.

**3.—Same—Argument of Counsel—Practice on Appeal.**

Where the bill of exceptions was so qualified that the court did not hear counsel's objection to the State's argument, and the request to withdraw the same, and that said argument was not inflammatory, there was no error.

Appeal from the District Court of Polk.    Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in prohibition territory; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.—On question of former jeopardy: Johnson v. State, 34 Texas Crim. Rep., 115.

PRENDERGAST, JUDGE.—This is an appeal from a conviction for pursuing the occupation or business of selling intoxicating liquor in prohibition territory.

The testimony showed that prohibition had been duly in force in Polk County for a long time before this prosecution began and was so in force when this offense was alleged and proven.  The testimony also was clearly sufficient to show that appellant for some time before the offense was alleged herein had received from the express company frequent and large shipments of intoxicating liquor; that in addition, he, himself, had gone off on the train and procured and brought back, and that he had sent others who procured for him and brought back to him quantities of intoxicating liquors.  The testimony also showed that appellant had not only made the two respective sales of liquor to the person named in the indictment at the time alleged therein, but that at about that time he had made at least one other sale, if not two, and that before that he

had also made another sale. In other words, the proof was amply sufficient in every way to show appellant's guilt as alleged in the indictment against him.

Appellant pleaded former jeopardy. His allegations in this plea were in substance that he had been convicted in the United States District Court at Houston for selling liquor without paying a license therefor and that at the January term of the County Court of Polk County he was duly and legally tried in two cases for making a distinct illegal sale of intoxicating liquor to T. H. Hicks, which sales were alleged to have been made by him in this indictment to said Hicks.

The trial judge correctly held that the offense alleged in this case was neither of the offenses alleged in the cases set up by appellant in his plea of former jeopardy. In addition to the plea itself showing that neither of said offenses alleged was the same as the offense alleged in this case, the court permitted the testimony to be introduced before him—the jury being taken out—which clearly showed that they were not the same. As to the cases in the County Court the proof showed that they were charges against appellant for making an individual sale of intoxicating liquor to said Tom Hicks. It is settled against appellant that prosecution and conviction in such instances is not the same offense as pursuing the business or occupation of selling in prohibition territory, and that even those individual sales can be alleged and proven as a basis for the necessary two sales in this offense. Wilson v. State, 69 Texas Crim. Rep., 567; Robinson v. State, 66 Texas Crim. Rep., 392, and other cases.

Appellant presented a bill of exceptions to the judge complaining that the district attorney, in his argument, had referred to the appellant as a bootlegger in an inflammatory manner to which he excepted. Judge Hightower said of this bill: "I do not think this bill is entirely correct; I remember that Mr. Hill did apply the term 'Bootlegger' in speaking of the defendant, and counsel excepted to the remark, but that was all. I don't think the court was asked by counsel to instruct the jury to not consider the remark. If he had so asked the court to instruct the jury, I did not hear the request. If I had heard such a request, I would most certainly have told Mr. Hill that he must stick to the facts in the case and not apply epithets to the defendant, that such conduct was improper, and should have told the jury not to consider such remarks by counsel. I do not think the manner of Mr. James E. Hill (County Attorney) was inflammatory in the least. He is always animated and vigorous in his speeches, but not in any sense 'inflammatory.' He is always very fair and just in argument, and calling the defendant 'Bootlegger' could not possibly have injured the defendant." This matter shows no error.

The judgment is affirmed.

*Affirmed.*

[This case reached Reporter December, 1917.]